# Appendix B

# CHAPTER 41A:
# RESIDENTIAL UNIT CONVERSION AND DEMOLITION

| | |
|---|---|
| Sec. 41A.1. | Title. |
| Sec. 41A.2. | Purpose. |
| Sec. 41A.3. | Findings. |
| Sec. 41A.4. | Definitions. |
| Sec. 41A.5. | Unlawful Conversion; Remedies. |
| Sec. 41A.6. | Administrative Enforcement Procedures. |
| Sec. 41A.7. | Office of Short-Term Residential Rental Administration and Enforcement. |
| Sec. 41A.8. | Construction. |

## SEC. 41A.1.  TITLE.

This chapter shall be known as the Residential Unit Conversion Ordinance.

(Added by Ord. 331-81, App. 6/26/81; amended by Ord. 224-12, File No. 120299, App. 11/1/2012, Eff. 12/1/2012)

## SEC. 41A.2.  PURPOSE.

It is the purpose of this ordinance to benefit the general public by minimizing adverse impacts on the housing supply and on persons and households of all income levels resulting from the loss of residential units through their conversion to tourist and transient use. This is to be accomplished by regulating the conversion of residential units to tourist and transient use, and through appropriate administrative and judicial remedies.

(Added by Ord. 331-81, App. 6/26/81; amended by Ord. 224-12, File No. 120299, App. 11/1/2012, Eff. 12/1/2012)

## SEC. 41A.3.  FINDINGS.

The Board of Supervisors finds that:

(a)  There is a severe shortage of decent, safe, sanitary and affordable rental housing in the City and County of San Francisco.

(b)  The people of the City and County of San Francisco, cognizant of the housing shortage in San Francisco, on November 4, 1980, adopted a declaration of policy to increase the City and County's housing supply by 20,000 units.

(c)  Many of the City and County's elderly, disabled and low-income persons and households reside in affordable residential units.

(d)  As a result of the removal of residential units from the housing market, a housing emergency exists within the City and County of San Francisco for its elderly, disabled and low-income households.

(e)  The Board of Supervisors and the Mayor of the City and County of San Francisco recognized this housing emergency and enacted an ordinance which established a moratorium on the conversion of residential units to tourist and transient use.

(f)  The conversion of residential units to tourist and transient use impacts especially on persons seeking housing in the low to moderate price range.

(g)  It is in the public interest that conversion of residential units be regulated and that remedies be provided when unlawful conversion has occurred, in order to protect the residents and to conserve the limited housing resources.

(Added by Ord. 331-81, App. 6/26/81; amended by Ord. 224-12, File No. 120299, App. 11/1/2012, Eff. 12/1/2012)

## SEC. 41A.4.  DEFINITIONS.

Whenever used in this Chapter 41A, the following words and phrases shall have the definitions provided in this Section:

**Business Entity.** A corporation, partnership, or other legal entity that is not a natural person that owns or leases one or more residential units.

**Complaint.** A complaint submitted to the Department alleging a violation of this Chapter 41A and that includes the Residential Unit's address, including unit number, date(s) and nature of alleged violation(s), and any available contact information for the Owner and/or resident of the Residential Unit at issue.

**Conversion** or **Convert.** A change of use from Residential Use to Tourist or Transient Use, including, but not limited to, renting a Residential Unit as a Tourist or Transient Use.

**Department.** The Planning Department.

**Director.** The Director of the Planning Department, or his or her designee.

**Hosting Platform.** A person or entity that provides a means through which an Owner may offer a Residential Unit for Tourist or Transient Use. This service is usually, though not necessarily, provided through an online platform and generally allows an Owner to advertise the Residential Unit through a website provided by the Hosting Platform and provides a means for potential tourist or transient users to arrange Tourist or Transient Use and payment, whether the tourist or transient pays rent directly to the Owner or to the Hosting Platform.

**Interested Party.** A Permanent Resident of the building in which the Tourist or Transient Use is alleged to occur, any homeowner association associated with the Residential Unit in which the Tourist or Transient Use is alleged to occur, the Owner of the Residential Unit in which the Tourist or Transient Use is alleged to occur, a Permanent Resident or Owner of a property within 100 feet of the property containing the Residential Unit in which the Tourist or Transient Use is alleged to occur, the City and County of San Francisco, or any non-profit organization exempt from taxation pursuant to Title 26, Section 501 of the United States Code, which has the preservation or improvement of housing as a stated purpose in its articles of incorporation or bylaws.

**Owner.** Owner includes any person who is the owner of record of the real property. As used in this Chapter 41A, the term "Owner" includes a lessee where the

lessee is offering a Residential Unit for Tourist or Transient use.

   **Permanent Resident.** A person who occupies a Residential Unit for at least 60 consecutive days with intent to establish that unit as his or her primary residence. A Permanent Resident may be an owner or a lessee.

   **Primary Residence.** The Permanent Resident's usual place of return for housing as documented by at least two of the following: motor vehicle registration; driver's license; voter registration; tax documents showing the Residential Unit as the Permanent Resident's residence for the purposes of a home owner's tax exemption; or a utility bill. A person may have only one Primary Residence.

   **Residential Unit.** Room or rooms, including a condominium or a room or dwelling unit that forms part of a tenancy-in-common arrangement, in any building, or portion thereof, which is designed, built, rented, leased, let or hired out to be occupied for Residential Use as defined in the San Francisco Housing Code.

   **Residential Use.** Any use for occupancy of a Residential Unit by a Permanent Resident.

   **Short-Term Residential Rental.** A Tourist or Transient Use where all of the following conditions are met:

   (a)   the Residential Unit is offered for Tourist or Transient Use by the Permanent Resident of the Residential Unit;

   (b)   the Permanent Resident is a natural person;

   (c)   the Permanent Resident has registered the Residential Unit and maintains good standing on the Department's Short-Term Residential Rental Registry; and

   (d)   the Residential Unit: is not subject to the Inclusionary Affordable Housing Program set forth in Planning Code Section 415*et seq.*; is not a residential hotel unit subject to the provisions of Chapter 41, unless such unit has been issued a Permit to Convert under Section 41.12; is not otherwise a designated as a below market rate or income-restricted Residential Unit under City, state, or federal law; has not been the subject of an eviction pursuant to the Ellis Act and Administrative Code Section 37.9(a)(13) within the five year period prior to applying for the Registry if such eviction occurred after November 1, 2014; and no other requirement of federal or state law, this Municipal Code, or any other applicable law or regulation prohibits the permanent resident from subleasing, renting, or otherwise allowing Short-Term Residential Rental of the Residential Unit.

   **Short-Term Residential Rental Registry or Registry.** A database of information maintained by the Department that includes information regarding Permanent Residents who are permitted to offer Residential Units for Short-Term Residential Rental. Only one Permanent Resident per Residential Unit may be included on the Registry at any given time. The Registry shall be available for public review to the extent required by law, except that, to the extent permitted by law, the Department shall redact any Permanent Resident names and street and unit numbers from the records available for public review.

   **Tourist or Transient Use.** Any use of a Residential Unit for occupancy for less than a 30-day term of tenancy, or occupancy for less than 30 days of a Residential Unit leased or owned by a Business Entity, whether on a short-term or long-term basis, including any occupancy by employees or guests of a Business Entity for less than 30 days where payment for the Residential Unit is contracted for or paid by the Business Entity.

   (Added by Ord. 331-81, App. 6/26/81; amended by Ord. 74-98, App. 3/16/98; Ord. 224-12 , File No. 120299, App. 11/1/2012, Eff. 12/1/2012; Ord. 218-14 , File No. 140381, App. 10/27/2014, Eff. 11/26/2014, Oper. 2/1/2015; Ord. 130-15 , File No. 150363, App. 7/30/2015, Eff. 8/29/2015)

## SEC. 41A.5.  UNLAWFUL CONVERSION; REMEDIES.

   (a)   **Unlawful Actions.** Except as set forth in subsection 41A.5(g), it shall be unlawful for

   (1)   any Owner to offer a Residential Unit for rent for Tourist or Transient Use;

   (2)   any Owner to offer a Residential Unit for rent to a Business Entity that will allow the use of a Residential Unit for Tourist or Transient Use; or

   (3)   any Business Entity to allow the use of a Residential Unit for Tourist or Transient Use.

   (b)   **Records Required.** The Owner and Business Entity, if any, shall retain and make available to the Department records to demonstrate compliance with this Chapter 41A upon written request as provided herein.

   (c)   **Determination of Violation.** Upon the filing of a written Complaint that an Owner or Business Entity has engaged in an alleged unlawful Conversion or that a Hosting Platform is not complying with the requirements of subsection (g)(4)(A), the Director shall take reasonable steps necessary to determine the validity of the Complaint. The Director may independently determine whether an Owner or Business Entity may be renting a Residential Unit for Tourist or Transient Use in violation of this Chapter 41A or whether a Hosting Platform has failed to comply with the requirements of subsection (g)(4)(A). To determine if there is a violation of this Chapter 41A, the Director may initiate an investigation of the subject property or Hosting Platform's allegedly unlawful activities. This investigation may include, but is not limited to, an inspection of the subject property and/or a request for any pertinent information from the Owner, Business Entity, or Hosting Platform, such as leases, business records, or other documents. The Director shall have discretion to determine whether there is a potential violation of this Chapter 41A. Notwithstanding any other provision of this Chapter 41A, any alleged violation related to failure to comply with the requirements of the Business and Tax Regulations Code shall be enforced by the Treasurer/Tax Collector under the provisions of that Code.

   (d)   **Civil Action.**

   (1)   The City may institute civil proceedings for injunctive and monetary relief, including civil penalties, against an Owner, Business Entity, or Hosting Platform for violations of this Chapter 41A under any circumstances, without regard to whether a Complaint has been filed or the Director has made a determination of a violation.

   (2)   **Private Rights of Action.**

      (A)   Following the filing of a Complaint and the final determination of a violation by the Director, any Interested Party may institute civil proceedings for injunctive and monetary relief against an Owner or Business Entity.

      (B)   An Interested Party who is a Permanent Resident of the building in which the Tourist or Transient Use is alleged to occur, is a Permanent Resident of a property within 100 feet of the property containing the Residential Unit in which the Tourist or Transient Use is alleged to occur, or is a homeowner association associated with the Residential Unit in which the Tourist or Transient Use is alleged to occur may institute a civil action for injunctive and monetary relief against an Owner or Business Entity if

         (i)   The Interested Party has filed a Complaint with the Department;

         (ii)   The Director has not made a written determination pursuant to subsection 41A.6(a) that there is no violation of this Chapter 41A or basis for an investigation for an unlawful activity;

         (iii)   An administrative hearing officer has not issued a final determination pursuant to subsection 41A.6(c) regarding the Complaint within 135 days of the filing of the Complaint with the Department;

         (iv)   After such 135-day period has passed, the Interested Party has provided 30 days' written notice to the Department and the City Attorney's Office of its intent to initiate civil proceedings; and

   (v)   The City has not initiated civil proceedings by the end of that 30-day notice period.

   Under this subsection 41A.5(d)(2)(B), the prevailing party shall be entitled to the costs of suit, including reasonable attorneys' fees, pursuant to an order of the Court.

   (3)   **Civil Penalties.** If the City is the prevailing party in any civil action under this subsection (d): an Owner or Business Entity in violation of this Chapter 41A or a Hosting Platform in violation of subsection (g)(4)(A) may be liable for civil penalties of not more than $1,000 per day for the period of the unlawful activity. Interested Parties other than the City may not seek or obtain civil penalties.

   (4)   **Attorneys' Fees and Costs.** If the City or any other Interested Party is the prevailing party, the City or the Interested Party shall be entitled to the costs of enforcing this Chapter 41A, including reasonable attorneys' fees, pursuant to an order of the Court.

   (5)   Any monetary award obtained by the City and County of San Francisco in such a civil action shall be deposited in the Department to be used for enforcement of Chapter 41A. The Department, through the use of these funds, shall reimburse City departments and agencies, including the City Attorney's Office, for all costs and fees incurred in the enforcement of this Chapter 41A.

   (e)   **Criminal Penalties.** Any Owner or Business Entity who rents a Residential Unit for Tourist or Transient Use in violation of this Chapter 41A without correcting or remedying the violation as provided for in subsection 41A.6(c)(6) shall be guilty of a misdemeanor. Any person convicted of a misdemeanor hereunder shall be punishable by a fine of not more than $1,000 or by imprisonment in the County Jail for a period of not more than six months, or by both. Each Residential Unit rented for Tourist or Transient Use shall constitute a separate offense.

   (f)   **Method of Enforcement, Director.** The Director shall have the authority to enforce this Chapter against violations thereof by any or all of the means provided for in this Chapter 41A.

   (g)   **Exception for Short-Term Residential Rental.**

   (1)   Notwithstanding the restrictions set forth in this Section 41A.5, a Permanent Resident may offer his or her Primary Residence as a Short-Term Residential Rental if:

      (A)   The Permanent Resident occupies the Residential Unit for no less than 275 days out of the calendar year in which the Residential Unit is rented as a Short-Term Residential Rental or, if the Permanent Resident has not rented or owned the Residential Unit for the full preceding calendar year, for no less than 75% of the days he or she has owned or rented the Residential Unit;

      (B)   The Permanent Resident maintains records for two years demonstrating compliance with this Chapter 41A, including but not limited to information demonstrating Primary Residency, the number of days per calendar year he or she has occupied the Residential Unit, the number of days per calendar year the Residential Unit has been rented as a Short-Term Residential Rental, and compliance with the insurance requirement in Subsection (D). These records shall be made available to the Department upon request;

      (C)   The Permanent Resident complies with any and all applicable provisions of state and federal law and the San Francisco Municipal Code, including but not limited to the requirements of the Business and Tax Regulations Code by, among any other applicable requirements, collecting and remitting all required transient occupancy taxes, and the occupancy requirements of the Housing Code;

      (D)   The Permanent Resident maintains liability insurance appropriate to cover the Short-Term Residential Rental Use in the aggregate of not less than $500,000 or conducts each Short-Term Residential Rental transaction through a Hosting Platform that provides equal or greater coverage. Such coverage shall defend and indemnify the Owner(s), as named additional insured, and any tenant(s) in the building for their bodily injury and property damage arising from the Short-Term Residential Use;

      (E)   The Residential Unit is registered on the Short-Term Residential Rental Registry;

      (F)   The Permanent Resident includes the Department-issued registration number on any Hosting Platform listing or other listing offering the Residential Unit for use as a Short-Term Residential Rental;

      (G)   For units subject to the rent control provisions of Section 37.3, the Permanent Resident complies with the initial rent limitation for subtenants and charges no more rent than the rent the Permanent Resident is paying to any landlord per month; and

      (H)   The Permanent Resident can demonstrate to the satisfaction of the Department that the Residential Unit and the property on which it is located is not subject to any outstanding Building, Electrical, Plumbing, Mechanical, Fire, Health, Housing, Police, or Planning Code enforcement, including any notices of violation, notices to cure, orders of abatement, cease and desist orders, or correction notices. The Department shall not include a property that is subject to any such outstanding violations in the Registry. If such a violation occurs once a Residential Unit has been included in the Registry, the Department shall suspend the Residential Unit's registration and registration number until the violation has been cured.

   (2)   **Additional Requirements.**

      (A)   Offering a Residential Unit for Short-Term Residential Rental, including but not limited to advertising the Residential Unit's availability, while not maintaining good standing on the Registry shall constitute an unlawful conversion in violation of this Chapter 41A and shall subject the person or entity offering the unit in such a manner to the administrative penalties and enforcement procedures, including civil penalties, of this Chapter.

      (B)   Only one Permanent Resident may be associated with a Residential Unit on the Registry, and it shall be unlawful for any other person, even if that person meets the qualifications of a "Permanent Resident," to offer a Residential Unit for Short-Term Residential Rental.

      (C)   A Permanent Resident offering a Residential Unit for Short-Term Residential Rental shall maintain a valid business registration certificate.

      (D)   A Permanent Resident offering a Residential Unit for Short-Term Residential Rental shall post a clearly printed sign inside his or her Residential Unit on the inside of the front door that provides information regarding the location of all fire extinguishers in the unit and building, gas shut off valves, fire exits, and pull fire alarms.

   (3)   **Short-Term Residential Rental Registry Applications, Fee, and Reporting Requirement.**

      (A)   **Application.** Registration shall be for a two-year term, which may be renewed by the Permanent Resident by filing a completed renewal application. Initial and renewal applications shall be in a form prescribed by the Department. The Department shall determine, in its sole discretion, the completeness of an application. Upon receipt of a complete initial application, the Department shall send mailed notice to the owner of record of the Residential Unit, informing the owner that an application to the Registry for the unit has been received. If the Residential Unit is in a RH-1(D) zoning district, the following additional requirements shall apply: the Department shall also send mailed notice to any directly associated homeowner association that has previously requested such notice and to any owners and occupants within 300 feet of the property; the Department shall hold the application for 45 days after sending such notice; and the Department shall review and consider any information submitted by any such homeowner association, neighboring owner or occupant, or member of the public regarding the eligibility of the permanent resident and/or the residential unit for listing on the Registry received during the 45-day hold period.

      Both the initial application and any renewal application shall contain information sufficient to show that the Residential Unit is the Primary Residence of the applicant, that the applicant is the unit's Permanent Resident, and that the applicant has the required insurance coverage and business registration certificate. In

addition to the information set forth here, the Department may require any other additional information necessary to show the Permanent Resident's compliance with this Chapter 41A. Primary Residency shall be established by showing the Residential Unit is listed as the applicant's residence on at least two of the following: motor vehicle registration; driver's license; voter registration; tax documents showing the Residential Unit as the Permanent Resident's Primary Residence for home owner's tax exemption purposes; or utility bill. A renewal application shall contain sufficient information to show that the applicant is the Permanent Resident and has occupied the unit for at least 275 days of each of the two preceding calendar years. Upon the Department's determination that an application is complete, the unit shall be entered into the Short-Term Residential Rental Registry and assigned an individual registration number.

(B)   **Fee.** The fee for the initial application and for each renewal shall be $50, payable to the Director. The application fee shall be due at the time of application. Beginning with fiscal year 2014-2015, fees set forth in this Section may be adjusted each year, without further action by the Board of Supervisors, as set forth in this Section. Within six months of the operative date of this ordinance* and after holding a duly noticed informational hearing at the Planning Commission, the Director shall report to the Controller the revenues generated by the fees for the prior fiscal year and the prior fiscal year's costs of establishing and maintaining the registry and enforcing the requirements of this Chapter 41A, as well as any other information that the Controller determines appropriate to the performance of the duties set forth in this Chapter. After the hearing by the Planning Commission, but not later than August 1, 2015, the Controller shall determine whether the current fees have produced or are projected to produce revenues sufficient to support the costs of establishing and maintaining the registry, enforcing the requirements of this Chapter 41A and any other services set forth in this Chapter and that the fees will not produce revenue that is significantly more than the costs of providing such services. The Controller shall, if necessary, adjust the fees upward or downward for the upcoming fiscal year as appropriate to ensure that the program recovers the costs of operation without producing revenue that is significantly more than such costs. The adjusted rates shall become operative on July 1.

(C)   **Reporting Requirement.** To maintain good standing on the Registry, the Permanent Resident shall submit a quarterly report to the Department beginning on January 1, 2016, and on January 1, April 1, July 1, and October 1 of each year thereafter, regarding the number of days the Residential Unit or any portion thereof has been rented as a Short Term Residential Rental since either initial registration or the last report, whichever is more recent, and any additional information the Department may require to demonstrate compliance with this Chapter 41A.

(4)   **Requirements for Hosting Platforms.**

(A)   **Notice to Users of Hosting Platform.** All Hosting Platforms shall provide the following information in a notice to any user listing a Residential Unit located within the City and County of San Francisco through the Hosting Platform's service. The notice shall be provided prior to the user listing the Residential Unit and shall include the following information: that Administrative Code Chapters 37 and 41A regulate Short-Term Rental of Residential Units; the requirements for Permanent Residency and registration of the unit with the Department; and the transient occupancy tax obligations to the City.

(B)   A Hosting Platform shall comply with the requirements of the Business and Tax Regulations Code by, among any other applicable requirements, collecting and remitting all required Transient Occupancy Taxes, and this provision shall not relieve a Hosting Platform of liability related to an occupant's, resident's, Business Entity's, or Owner's failure to comply with the requirements of the Business and Tax Regulations Code. A Hosting Platform shall maintain a record demonstrating that the taxes have been remitted to the Tax Collector and shall make this record available to the Tax Collector upon request.

(C)   Any violation of a Hosting Platform's responsibilities under subsection (g)(4)(A) shall subject the Hosting Platform to the administrative penalties and enforcement provisions of this Chapter 41A, including but not limited to payment of civil penalties of up to $1,000 per day for the period of the failure to comply, with the exception that any violation related to failure to comply with the requirements of the Business and Tax Regulations Code shall be enforced by the Treasurer/Tax Collector under that Code.

(5)   The exception set forth in this subsection (g) provides an exception only to the requirements of this Chapter 41A. It does not confer a right to lease, sublease, or otherwise offer a residential unit for Short-Term Residential Use where such use is not otherwise allowed by law, a homeowners association agreement or requirements, any applicable covenant, condition, and restriction, a rental agreement, or any other restriction, requirement, or enforceable agreement. All Owners and residents are required to comply with the requirements of Administrative Code Chapter 37, the Residential Rent Stabilization and Arbitration Ordinance, including but not limited to the requirements of Section 37.3(c).

(6)   **Department Contact Person.** The Department shall designate a contact person for members of the public who wish to file Complaints under this Chapter or who otherwise seek information regarding this Chapter or Short-Term Residential Rentals. This contact person shall also provide information to the public upon request regarding quality of life issues, including for example noise violations, vandalism, or illegal dumping, and shall direct the member of the public and/or forward any such Complaints to the appropriate City department.

(7)   Notwithstanding any other provision of this Chapter, nothing in this Chapter shall relieve an individual, Business Entity, or Hosting Platform of the obligations imposed by any and all applicable provisions of state law and the San Francisco Municipal Code including but not limited to those obligations imposed by the Business and Tax Regulations Code. Further, nothing in this Chapter shall be construed to limit any remedies available under any and all applicable provisions of state law and the San Francisco Municipal Code including but not limited to the Business and Tax Regulations Code.

(8)   **Annual Department Reporting Requirement.** Within one year of the effective date of this ordinance and annually thereafter, the Department shall provide a report to the Board of Supervisors regarding the Department's administration and enforcement of the Short-Term Residential Rental program. The study shall make recommendations regarding proposed amendments to this Chapter 41A necessary to reduce any adverse effects of the Short-Term Residential Rental program.

(Added by Ord. 331-81, App. 6/26/81; amended by Ord. 74-98, App. 3/6/98; Ord. 224-12 , File No. 120299, App. 11/1/2012, Eff. 12/1/2012; Ord. 218-14 , File No. 140381, App. 10/27/2014, Eff. 11/26/2014, Oper. 2/1/2015; Ord. 130-15 , File No. 150363, App. 7/30/2015, Eff. 8/29/2015)

* **Editor's Note:**
  The reference in Sec. 41A.5(g)(3)(B) to "the operative date of this ordinance" was added to the Code as part of the amendments included in Ord. *218-14* , Oper. 2/1/2015.

## SEC. 41A.6.   ADMINISTRATIVE ENFORCEMENT PROCEDURES.

(a)   **Determination and Notice of Violation.**

(1)   After the Director has determined that a violation of this Chapter 41A exists, the Director shall notify the responsible Owner, Business Entity, or Hosting Platform of the determination of violation by certified mail and shall post the notice of violation in a conspicuous location on, or if access to the property is not available in a conspicuous location as close as practicable to, the building or property where the Residential Unit is located.

(2)   Once a Complaint has been filed or once the Director has made a determination of violation in the absence of a Complaint, the Department shall include information regarding the Complaint or violation, including whether the Complaint is pending or resolved and, if resolved, any final determination, on the Department's website.

(3)   **Contents of Notice.** The notice shall cite to this Chapter 41A and describe the violation(s) with specificity. The notice of violation shall: state that the responsible party shall immediately correct all violations; and assess any applicable administrative penalties as set forth in Subsection 41A.6(d)(1). The notice of violation shall also inform the responsible party of the right to request a Director's hearing under Subsection 41A.6(b) to appeal the determination of violation and any assessed administrative penalties.

(4)   If the Director finds there is no violation of this Chapter or basis for an investigation for an unlawful activity, the Director shall so inform the complainant within 60 days of the filing of any Complaint.

(b)   **Request for Hearing.** Within 30 days of the notice of violation, the responsible party may request a Director's hearing to appeal the determination of violation

and any assessed administrative penalties. The Director shall send a notice of the date, hour, and place of the hearing to the responsible party at the address specified in the request for hearing and to any member of the public who has expressed an interest in the matter.

   (c)   **Administrative Review Hearings.** The Director may designate a member of Department staff to act in his or her place as the hearing officer. The Director's appointed hearing officer shall hold an administrative review hearing within 45 days of the request for hearing to review all information provided by the Interested Party, members of the public, City staff, and the Owner, Business Entity, or Hosting Platform for the investigation, and the hearing officer shall thereafter make a determination whether the Owner, Business Entity, or Hosting Platform has violated this Chapter 41A.

      (1)   **Pre-hearing Submission.** No less than ten days prior to the administrative review hearing, parties to the hearing shall submit written information to the Director including, but not limited to, the issues to be determined by the hearing officer and the evidence to be offered at the hearing. Such information shall be forwarded to the hearing officer prior to the hearing along with any information compiled by the Director.

      (2)   **Hearing Procedure.** If more than one hearing is requested for Residential Units located in the same building at or about the same time, the Director shall consolidate all of the hearings into one hearing. The hearing shall be recorded. Any party to the hearing may at his or her own expense cause the hearing to be recorded by a certified court reporter. Parties may be represented by counsel. All testimony shall be given under oath. Written decisions and findings shall be rendered by the hearing officer within 30 days of the hearing. Copies of the findings and decision shall be served upon the parties by certified mail. A notice that a copy of the findings and decision is available for inspection between the hours of 9:00 a.m. and 5:00 p.m. Monday through Friday shall be posted by the Owner or the Director in the building in the same location in which the notice of the administrative review hearing was posted.

      (3)   **Failure to Appear.** In the event the Owner, authorized Hosting Platform representative, or an interested party fails to appear at the hearing, the hearing officer may nevertheless make a determination based on the evidence in the record and files at the time of the hearing, and issue a written decision and findings.

      (4)   **Finality of the Hearing Officer's Decision and Judicial Review.** The decision of the hearing officer shall be final. Within 20 days after service of the hearing officer's decision, any party may seek judicial review of the hearing officer's decision.

      (5)   **Hearing Officer Decision and Collection of Penalties.** Upon the hearing officer's decision, or if no hearing is requested upon the expiration of the appeal period, the Director may proceed to collect the penalties and costs pursuant to the lien procedures set forth in Subsection 41A.6(e), consistent with the hearing officer's decision or the determination of violation if no hearing is requested.

      (6)   **Remedy of Violation.** If the hearing officer determines that a violation has occurred, the hearing officer's decision shall:

         (A)   Specify a reasonable period of time during which the Owner, Business Entity, or Hosting Platform must correct or otherwise remedy the violation;

         (B)   Detail the amount of any administrative penalties the Owner or Hosting Platform shall be required to pay as set forth in Subsection 41A.6(d); and,

         (C)   For violations by Owners, state that if the violation is not corrected or otherwise remedied within this period, the Department shall remove or prohibit the registration of the Residential Unit from the Short-Term Residential Registry for one year even if the Residential Unit otherwise meets the requirements for Short-Term Residential Rental.

      (7)   If the hearing officer determines that no violation has occurred, the determination is final.

   (d)   **Administrative Penalties for Violations and Enforcement Costs.**

      (1)   **Administrative Penalties.** Administrative penalties shall be assessed as follows:

         (A)   For the initial violation, not more than four times the standard hourly administrative rate of $121.00 for each unlawfully converted unit, or for each identified failure of a Hosting Platform to comply with the requirements of subsection 41A.5(g)(4)(A), per day from the notice of violation until such time as the unlawful activity terminates;

         (B)   For the second violation by the same Owner(s), Business Entity, or Hosting Platform, not more than eight times the standard hourly administrative rate of $121.00 for each unlawfully converted unit, or for each identified failure of a Hosting Platform to comply with the requirements of subsection 41A.5(g)(4)(A), per day from the day the unlawful activity commenced until such time as the unlawful activity terminates; and

         (C)   For the third and any subsequent violation by the same Owner(s), Business Entity, or Hosting Platform, not more than twelve times the standard hourly administrative rate of $121.00 for each unlawfully converted unit or for each identified failure of a Hosting Platform to comply with the requirements of subsection 41A.5(g)(4)(A) per day from the day the unlawful activity commenced until such time as the unlawful activity terminates.

      (2)   **Prohibition on Registration and Listing Unit(s) on Any Housing Platform.** In the event of multiple violations, the Department shall remove the Residential Unit(s) from the Registry for one year and include the Residential Unit(s) on a list maintained by the Department of Residential Units that may not be listed on any Hosting Platform until compliance. Any Owner or Business Entity who continues to list a Residential Unit in violation of this Section shall be liable for additional administrative penalties and civil penalties of up to $1,000 per day of unlawful inclusion.

   (e)   **Notice of Violation and Imposition of Penalties.** The Director shall notify the Owner or Hosting Platform by certified mail of the violation and that administrative penalties shall be imposed pursuant to this Chapter 41A. The notice shall state the time of the existence of the violation and the resulting imposition of penalties. Payment of the administrative penalties and enforcement costs shall be made within 30 days of the certified mailed notice to the Owner or Hosting Platform. If the administrative penalties and enforcement costs are not paid, the Director shall refer the matter to the Treasurer/Tax Collector and/or initiate lien procedures to secure the amount of the penalties and costs against the real property that is subject to this Chapter, under Article XX of Chapter 10 of the Administrative Code to make the penalty, plus accrued interest, a lien against the real property regulated under this Chapter. Except for the release of the lien recording fee authorized by Administrative Code Section 10.237, all sums collected by the Tax Collector pursuant to this ordinance shall be deposited as set forth in subsection (f) below.

   (f)   **Deposit of Penalties.** Any fees and penalties collected pursuant to this Chapter 41A shall be deposited in the Department, which shall reimburse City departments and agencies, including the City Attorney's Office, for all costs and fees incurred in the enforcement of this Chapter 41A.

      (Added as Sec. 41A.8 by Ord. 74-98, App. 3/6/98; redesignated and amended by Ord. 224-12 , File No. 120299, App. 11/1/2012, Eff. 12/1/2012; amended by Ord. 218-14 , File No. 140381, App. 10/27/2014, Eff. 11/26/2014, Oper. 2/1/2015; Ord. 130-15 , File No. 150363, App. 7/30/2015, Eff. 8/29/2015)

      (Former Sec. 41A.6 added by Ord. 331-81, App. 6/26/81; repealed by Ord. 224-12, File No. 120299, App. 11/1/2012, Eff. 12/1/2012)

## SEC. 41A.7.  OFFICE OF SHORT-TERM RESIDENTIAL RENTAL ADMINISTRATION AND ENFORCEMENT.

   The Mayor shall establish an Office of Short-Term Residential Rental Administration and Enforcement, which shall provide a single location to receive and process applications for the Registry and Complaints regarding violations of this Chapter 41A. This office shall be staffed by the Department and other departments as appropriate, with participation from the Department of Building Inspection, the Treasurer/Tax Collector's Office, and other departments as needed, to process applications for the Registry and enforce the requirements of this Chapter 41A in a timely and efficient manner. It is the intent of this Board in directing the establishment of this office to streamline both the process of administering the Registry and enforcing the requirements of this Chapter 41A to protect residential housing from unlawful conversion to Tourist or Transient Use.

(Added by Ord. 130-15 , File No. 150363, App. 7/30/2015, Eff. 8/29/2015)

(Former Sec. 41A.7 added by Ord. 331-81, App. 6/26/81; repealed and reenacted by Ord. 224-12 , File No. 120299, App. 11/1/2012, Eff. 12/1/2012; redesignated as Sec. 41A.8 and amended by Ord. 130-15 , File No. 150363, App. 7/30/2015, Eff. 8/29/2015)

## SEC. 41A.8.  CONSTRUCTION.

(a)   Nothing in this Chapter 41A may be construed to supersede any other lawfully enacted ordinance of the City and County of San Francisco.

(b)   Clauses of this Chapter 41A are declared to be severable and if any provision or clause of this Chapter 41A or the application thereof is held to be unconstitutional or to be otherwise invalid by any court of competent jurisdiction, such invalidity shall not affect other provisions of this Chapter 41A.

(Added as Sec. 41A.7 by Ord. 331-81, App. 6/26/81; repealed and reenacted by Ord. 224-12 , File No. 120299, App. 11/1/2012, Eff. 12/1/2012; redesignated and amended by Ord. 130-15 , File No. 150363, App. 7/30/2015, Eff. 8/29/2015)

(Former Sec. 41A.8 added by Ord. 74-98, App. 3/6/98; redesignated as Sec. 41A.6 and amended by Ord. 224-12 , File No. 120299, App. 11/1/2012, Eff. 12/1/2012)

## CHAPTER 41B:
## [RESERVED]

Disclaimer:
This Code of Ordinances and/or any other documents that appear on this site may not reflect the most current legislation adopted by the Municipality. American Legal Publishing Corporation provides these documents for informational purposes only. These documents should not be relied upon as the definitive authority for local legislation. Additionally, the formatting and pagination of the posted documents varies from the formatting and pagination of the official copy. The official printed copy of a Code of Ordinances should be consulted prior to any action being taken.

For further information regarding the official version of any of this Code of Ordinances or other documents posted on this site, please contact the Municipality directly or contact American Legal Publishing toll-free at 800-445-5588.

© 2015 American Legal Publishing Corporation
techsupport@amlegal.com
1.800.445.5588.