1  JONATHAN H. BLAVIN (State Bar No. 230269)
   jonathan.blavin@mto.com
2  ELLEN M. RICHMOND (State Bar No. 277266)
   ellen.richmond@mto.com
3  JOSHUA PATASHNIK (State Bar No. 295120)
   josh.patashnik@mto.com
4  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, Twenty-Seventh Floor
5  San Francisco, CA 94105-4000
   Telephone:   (415) 512-4000
6  Facsimile:   (415) 512-4077

7  JOHN W. SPIEGEL (State Bar No. 78935)
   john.spiegel@mto.com
8  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue, Thirty-Fifth Floor
9  Los Angeles, California 90071-1560
   Telephone:   (213) 683-9100
10 Facsimile:   (213) 687-3702

11 Attorneys for Plaintiff Airbnb, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AIRBNB, INC.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>　　　　Defendant. | Case No. 16-cv-03615-JD<br><br>**JOINT ADMINISTRATIVE MOTION REGARDING SCHEDULE FOR PRELIMINARY INJUNCTION HEARING AND PAGE LIMITS**<br><br>Judge:　　　　Hon. James Donato<br>Courtroom:　　11<br>Action Filed:　June 27, 2016 |

Plaintiff Airbnb, Inc. ("Airbnb") and Defendant City and County of San Francisco ("the City") submit this joint motion regarding: (1) setting an expedited briefing schedule and advancing the hearing date for Airbnb's Motion for a Preliminary Injunction; and (2) increasing the page limit for the briefing on the Motion for a Preliminary Injunction. On the first point, pursuant to Local Rule 6-2, Airbnb and the City have stipulated to a request for an expedited briefing schedule and advanced hearing on the Motion. On the second point, pursuant to Local Rule 7-11, Airbnb respectfully requests permission for the parties to exceed the page limitations set forth in paragraph 18 of the Court's Standing Order. The City opposes that request.

## I. BACKGROUND

Airbnb filed its Complaint and Motion for a Preliminary Injunction in this action on June 27, 2016. Dkt. Nos. 1, 3. The Complaint challenges newly-amended Sections 41A.5(e), 41A.5(g)(4)(C), and 41A.7(b)(1)–(3) of the San Francisco Administrative Code ("the Ordinance"). The Ordinance was enacted by the City on June 24, 2016 and goes into effect on July 24, 2016. It imposes certain requirements on "Hosting Platforms" such as Airbnb relating to the verification of registration information associated with short-term rentals on their websites. It subjects Hosting Platforms to criminal and civil penalties for failure to comply with its requirements. *See* S.F. Admin. Code §§ 41A.5(e), (g)(4)(C)–(D); 41A.7(b)(1)–(3). Airbnb argues that the Ordinance violates its rights under the Communications Decency Act, 47 U.S.C. § 230 (the "CDA"), the Stored Communications Act, 18 U.S.C. §§ 2701 et seq. (the "SCA"), and the First Amendment. The City disagrees that the Ordinance violates those laws.

## II. STIPULATED REQUEST FOR ORDER CHANGING TIME

The parties jointly request an expedited briefing schedule on the Motion for a Preliminary Injunction as well as an advanced hearing date. The Ordinance that Airbnb challenges in its Motion is set to go into effect on July 24, before the August 1 hearing date noticed in accordance with Civil Local Rule 7-2(a). Advancing the hearing date is necessary because otherwise, the Ordinance could be enforced against Airbnb before its rights under the CDA, the SCA, and the

First Amendment can be considered. Airbnb argues that enforcement of the law against it will cause it irreparable harm. *See* Dkt. No. 3 at 23-25.

Airbnb has requested, and the City has agreed, that Airbnb's Motion for a Preliminary Injunction be heard on an expedited basis, allowing the legal issues presented by the Ordinance to be fully briefed and giving the Court time to consider them. Airbnb and the City jointly request the following expedited briefing schedule and advanced hearing date:

| | |
|---|---|
| City's Opposition | July 11, 2016 |
| Airbnb's Reply | July 15, 2016 |
| Hearing | July 20 or 22, 2016 |

Blavin Decl. ¶ 7. Under this proposed schedule, the Court will have between five and seven days to consider all of the papers before the hearing. There have been no previous time modifications in this case, and given the early stage of the proceedings here, this modification will not affect the schedule for the case going forward. Blavin Decl. ¶¶ 8–9.

### III. MOTION TO EXCEED PAGE LIMITATIONS PURSUANT TO L.R. 7-11

The parties were not able to reach a stipulation regarding increasing the page limits for the briefing on the Motion for a Preliminary Injunction. Blavin Decl. ¶ 10. As such, the parties each set forth below their positions regarding page limits.

#### A. Airbnb's Statement in Support of Its Request for the Parties to Exceed the Page Limits Set Forth in the Court's Standing Order

Airbnb respectfully requests that the page limits for purposes of this Motion, including the opening, opposition, and reply briefs, be set in accordance with Local Rules 7-2 and 7-3, allowing for 25 pages for the opening and opposition briefs and 15 pages for the reply.

Airbnb filed its Motion, with its Complaint, in accordance with the 25-page limit set forth by Local Rule 7-2 before it knew which Judge would be assigned to this action. The Motion presents important and discrete issues of law for the Court's consideration, including a substantial body of relevant case law interpreting the CDA, issues of user privacy raised under the SCA, and free speech rights protected by the First Amendment. Further, the Motion carefully describes the City's complex and unique statutory scheme governing short-term rentals in San Francisco, as is

necessary for the Court to understand and rule on the Ordinance's legality. In addition, granting the request will allow the Motion to be heard as quickly as possible, avoiding any delay caused by Airbnb having to prepare and file a new Motion. And while the City may disagree that briefs exceeding 15 pages are necessary, Airbnb has no objection to the City taking up to 25 pages as well for its opposition brief. Given the importance of the issues presented and the compressed schedule, the interests of justice would be served by granting Airbnb's request.

### B. The City's Statement Opposing Airbnb's Request for the Parties to Exceed the Page Limits Set Forth in the Court's Standing Order

The City respectfully opposes Airbnb's request to exceed the Court's pages limits for briefing the Motion. The City disagrees that the issues presented by Airbnb necessitate exceeding the limits and the City asserts that the compressed schedule warrants efficient briefing within the Court's Standing Order. If the Court grants Airbnb's request, the City agrees that the page limits for the City's opposition and Airbnb's reply should be set in accordance with Local Rules 7-2 and 7-3. If the Court does not grant Airbnb's request, the City respectfully requests that the Court require Airbnb to file its motion complying with the Court's page limits by June 30, 2016.

DATED: June 29, 2016

MUNGER, TOLLES & OLSON LLP

    JOHN W. SPIEGEL
    JONATHAN H. BLAVIN
    ELLEN M. RICHMOND
    JOSHUA PATASHNIK

By:     */s/ Jonathan H. Blavin*
    JONATHAN H. BLAVIN
Attorneys for Plaintiff Airbnb, Inc.

DATED: June 29, 2016                    DENNIS J. HERRERA
                                        City Attorney
                                        TARA STEELEY
                                        ROBB KAPLA
                                        Deputy City Attorneys


                            By:            */s/ Robb Kapla*
                                        ROBB KAPLA
                                        Attorneys for City and County of San Francisco


## FILER'S ATTESTATION

I, Jonathan H. Blavin, am the ECF user whose identification and password are being used to file this Joint Administrative Motion Regarding Schedule for Preliminary Injunction Hearing and Page Limits. Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that the other above-named signatories concur in this filing.