1    DENNIS J. HERRERA, State Bar #139669
     City Attorney
2    WAYNE SNODGRASS, State Bar #148137
     JAMES M. EMERY, State Bar #153630
3    TARA M. STEELEY, State Bar #231775
     ROBB W. KAPLA, State Bar #238896
4    Deputy City Attorneys
     City Hall, Room 234
5    1 Dr. Carlton B. Goodlett Place
     San Francisco, California 94102-4602
6    Telephone:    (415) 554-4655
     Facsimile:    (415) 554-4699
7    E-Mail:       tara.steeley@sfgov.org

8
     Attorneys for Defendant
9    CITY AND COUNTY OF SAN FRANCISCO

10

11                        UNITED STATES DISTRICT COURT

12                       NORTHERN DISTRICT OF CALIFORNIA

13

14   AIRBNB, INC.,                          Case No. 3:16-cv-03615-JD

15        Plaintiff,                        **DECLARATION OF TARA M. STEELEY IN
                                            SUPPORT OF THE CITY'S UNOPPOSED
                                            ADMINISTRATIVE MOTION TO STAY
16   HOMEAWAY.COM, INC.,                    PROCEEDINGS BECAUSE OF PROPOSED
                                            AMENDMENTS TO THE ORDINANCE**
17        Plaintiff-Intervenor,

18        vs.

19   CITY AND COUNTY OF SAN                 Trial Date:          Not set
     FRANCISCO,

20        Defendant.

21

22

23

24

25

26

27

28

I, Tara M. Steeley, declare as follows:

I am a Deputy City Attorney for the City and County of San Francisco ("City").  I am a member in good standing of the bar of this Court.  I have personal knowledge of the matters stated, and if called to testify, I can and will testify competently as to all matters set forth herein.

1.    On June 27, 2016, Airbnb filed its Complaint and Motion for a Preliminary Injunction in this action.  Dkt. Nos. 1, 3.  On July 12, 2016, Homeaway filed a Complaint in Intervention.  Dkt. 24.  Both complaints challenge Sections 41A.5(e), 41A.5(g)(4)(C), and 41A.7(b)(1)–(3) of the San Francisco Administrative Code ("the Ordinance").  Airbnb's complaint argues that the Ordinance violates its rights under the Communications Decency Act, 47 U.S.C. § 230 (the "CDA"), the Stored Communications Act, 18 U.S.C. §§ 2701 et seq. (the "SCA"), and the First Amendment.  Homeaway's complaint argues that the Ordinance violates those same laws, as well as the Dormant Commerce Clause and the Fourteenth Amendment.

2.    On July 12, 2016, Supervisor David Campos of the San Francisco Board of Supervisors introduced substantive amendments to the Sections of the Administrative Code at issue in this litigation.  Those proposed amendments would, if adopted, significantly alter Plaintiffs' obligations under San Francisco law and may moot some, if not all, of the causes of action in Plaintiffs' complaints.  The proposed amendments are attached hereto as Exhibit A.

3.    The City currently expects that the Board of Supervisors will decide whether to enact the proposed amendments by the beginning or middle of August 2016.  If enacted by the Board, the Mayor has a 10-day period in which to sign the legislation.  The amendments would take effect thirty (30) days after approval by the Mayor.

4.    Pursuant to the Court's Order dated July 1, 2016, Homeaway's motion for a preliminary injunction is due July 14, 2016, the City's responses to both Plaintiffs' motions are due July 29, 2016, and replies are due August 5, 2016.  A hearing on the Motions for Preliminary Injunction is set for September 7, 2016.

5.    Plaintiffs' counsel and I meet and conferred about the proposed amendments and the briefing schedule currently in place.  In light of the uncertainty in the law, all of the parties agree that it would be inefficient for the parties to continue to brief – or for the Court to consider – the

1  constitutionality of the Ordinance while substantive amendments are pending.  The City has

2  previously agreed to not enforce the Ordinance against the short term rental hosting platforms (such as

3  Airbnb and Homeaway) pending resolution of the preliminary injunction motions, and also agrees to

4  not enforce the Ordinance during the proposed sixty (60) day stay.

5        6.    Although no party opposes the City's proposed stay, Airbnb declined to stipulate to a

6  stay of the litigation pursuant to Civil L.R. 7-11 and 7-12.  Therefore, the City could not obtain a

7  stipulation.

8

9  Dated:  July 14, 2016

10                           DENNIS J. HERRERA
                         City Attorney

11                           WAYNE SNODGRASS
                         JAMES M. EMERY

12                           TARA M. STEELEY
                         ROBB W. KAPLA

13                           Deputy City Attorneys

14

15                    By: *s/Tara M. Steeley*
                       TARA M. STEELEY

16

17                         Attorneys for Defendant
                     CITY AND COUNTY OF SAN FRANCISCO

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**TO**

**DECLARATION OF TARA M. STEELEY IN SUPPORT OF THE CITY'S UNOPPOSED ADMINISTRATIVE MOTION TO STAY PROCEEDINGS BECAUSE OF PROPOSED AMENDMENTS TO THE ORDINANCE**

FILE NO.                                 ORDINANCE NO.

1     [Administrative Code - Short-Term Residential Rentals]

2

3     **Ordinance amending the Administrative Code to revise the Residential Unit Conversion**

4     **Ordinance to require Hosting Platforms to verify that a Residential Unit is on the City**

5     **Registry prior to accepting a fee for booking a short-term rental transaction, and to**

6     **provide an affidavit of compliance to the City and retain certain records; authorize the**

7     **Office of Short Term Rentals to issue an administrative subpoena to obtain records;**

8     **and provide for civil, administrative, and criminal penalties against Hosting Platforms**

9     **for violations of their obligations under the Residential Unit Conversion Ordinance; and**

10     **affirming the Planning Department's determination under the California Environmental**

11     **Quality Act.**

12             NOTE:       **Unchanged Code text and uncodified text** are in plain Arial font.
                                      **Additions to Codes** are in *single-underline italics Times New Roman font*.

13                                         **Deletions to Codes** are in ~~*strikethrough italics Times New Roman font*~~.
                                        **Board amendment additions** are in <u>double-underlined Arial font</u>.

14                                         **Board amendment deletions** are in ~~strikethrough Arial font~~.
                                        **Asterisks (\*   \*   \*   \*)** indicate the omission of unchanged Code

15                                         subsections or parts of tables.

16

17     Be it ordained by the People of the City and County of San Francisco:

18         Section 1. Environmental Findings. The Planning Department has determined that the

19     actions contemplated in this ordinance comply with the California Environmental Quality Act

20     (California Public Resources Code Sections 21000 et seq.).  Said determination is on file with

21     the Clerk of the Board of Supervisors in File No. _____ and is incorporated herein

22     by reference. The Board affirms this determination.

23

24         Section 2.  The Administrative Code is hereby amended by revising Sections 41A.4,

25     41A.5, 41A.6, and 41A.7, to read as follows:

Supervisors Campos; Peskin, Avalos, Mar
**BOARD OF SUPERVISORS**                                         

1   **SEC. 41A.4.  DEFINITIONS.**

2       Whenever used in this Chapter 41A, the following words and phrases shall have the

3   definitions provided in this Section:

4       ***Booking Service.*** *A Booking Service is any reservation and/or payment service provided by a*

5   *person or entity that facilitates a short-term rental transaction between an Owner or Business Entity*

6   *and a prospective tourist or transient user, and for which the person or entity collects a fee in*

7   *connection with the reservation and payment services provided for the short-term rental transaction.*

8       *   *   *   *

9       **Hosting Platform.** A person or entity that participates in *the* short-term rental business

10  by providing,~~ a means~~ *and collecting a fee for, Booking Services* through which an Owner may

11  offer a Residential Unit for Tourist or Transient Use. ~~This business service is~~*Hosting Platforms*

12  usually, though not necessarily, provide~~d~~ *Booking Services* through an online platform that

13  allows an Owner to advertise the Residential Unit through a website provided by the Hosting

14  Platform and ~~provides a means for~~ *the Hosting Platform conducts a transaction by which* potential

15  tourist or transient users ~~to~~ arrange Tourist or Transient Use and payment, whether the tourist

16  or transient pays rent directly to the Owner or to the Hosting Platform.

17      *   *   *   *

18  **SEC. 41A.5.  UNLAWFUL CONVERSION; REMEDIES.**

19      *   *   *   *

20      (e)  **Criminal Penalties.** Any Owner or Business Entity who rents a Residential Unit for

21  Tourist or Transient Use in violation of this Chapter 41A, or any Hosting Platform that provides

22  *a Booking Service* ~~a listing~~ for a Residential Unit *to be used* for Tourist or Transient Use in

23  violation of *the Hosting Platform's obligations under* this Chapter 41A,~~ without correcting or~~

24  ~~remedying the violation as provided for in subsection 41A.6(e)(6),~~ shall be guilty of a misdemeanor.

25  Any person convicted of a misdemeanor hereunder shall be punishable by a fine of not more

1   than $1,000 or by imprisonment in the County Jail for a period of not more than six months, or

2   by both. Each Residential Unit rented for Tourist or Transient Use shall constitute a separate

3   offense.

4       \*   \*   \*   \*

5       (g)  **Exception for Short-Term Residential Rental.**

6       \*   \*   \*   \*

7       (4)  **Requirements for Hosting Platforms.**

8       (A)  ~~*Notice to Users of Hosting Platform.*~~ All Hosting Platforms shall

9   provide the following information in a notice to any user listing a Residential Unit located

10  within the City and County of San Francisco through the Hosting Platform's service. The

11  notice shall be provided prior to the user listing the Residential Unit and shall include the

12  following information: that Administrative Code Chapters 37 and 41A regulate Short-Term

13  Rental of Residential Units; the requirements for Permanent Residency and registration of the

14  unit with the Department; and the transient occupancy tax obligations to the City.

15      (B)  A Hosting Platform shall comply with the requirements of the

16  Business and Tax Regulations Code by, among any other applicable requirements, collecting

17  and remitting all required Transient Occupancy Taxes, and this provision shall not relieve a

18  Hosting Platform of liability related to an occupant's, resident's, Business Entity's, or Owner's

19  failure to comply with the requirements of the Business and Tax Regulations Code. A Hosting

20  Platform shall maintain a record demonstrating that the taxes have been remitted to the Tax

21  Collector. ~~and shall make this record available to the Tax Collector upon request.~~

22      (C)  *A Hosting Platform may provide, and collect a fee for, Booking Services in*

23  *connection with short-term rentals for Residential Units located in the City and County of San*

24  *Francisco only when those Residential Units are lawfully registered on the Short Term Residential*

25  *Rental Registry at the time the Residential Unit is rented for short term rental.* ~~Prior to providing~~

Supervisors Campos; Peskin, Avalos, Mar
**BOARD OF SUPERVISORS**

1    *reservation and payment services for a listing of a Residential Unit within the City to be rented for*

2    *Tourist or Transient Use, a Hosting Platform shall verify with the Office of Short-Term Residential*

3    *Rental Administration and Enforcement that the Residential Unit is listed on the Registry and has a*

4    *valid registration number.  For each listing active on the effective date of the ordinance in Board File*

5    *No.160423 and thereafter, Hosting Platforms shall comply with this subsection (g)(4)(C) by:*

6    *(i) Providing the verified registration number on each listing in the area*

7    *of the listing dedicated to information verified or compiled by the Hosting Platform about the host, such*

8    *as host response rate, host ratings, and date of joining the platform prior to conducting any booking*

9    *service for such host; or*

10   *(ii)  Sending the verified registration number, Residential Unit street*

11   *address (including any unit number), and host name to the Office of Short-Term Residential Rental*

12   *Administration and Enforcement by electronic mail prior to posting the listing on the platform.*

13   *Consistent with protections for Registry information, the Office of Short-Term Residential Rental*

14   *Administration and Enforcement, to the extent permitted by law, shall redact registered Permanent*

15   *Resident names and street and unit numbers from the records available for public review.*

16   *(D)   Any violation of a Hosting Platform's responsibilities under subsections (g)(4)(A),*

17   *(B), or (C), or 41A.7(b) shall subject the Hosting Platform to the administrative penalties and*

18   *enforcement provisions of this Chapter 41A, including but not limited to payment of civil penalties of up*

19   *to $1,000 per day for the period of the failure to comply, with the exception that any violation related to*

20   *failure to comply with the requirements of the Business and Tax Regulations Code shall be enforced by*

21   *the Treasurer/Tax Collector under that Code.*

22   *(D)  Commencing November 5, 2016, and on the fifth day of every month*

23   *thereafter, a Hosting Platform shall provide a signed affidavit to the Office of Short Term Rentals*

24   *verifying that the Hosting Platform has complied with subsection (g)(4)(C) of this Section 41A.5 in the*

25   *immediately preceding month.*

1              *(E)     For not less than three years following the end of the calendar year in*

2 *which the short-term rental transaction occurred, the Hosting Platform shall maintain and be able, in*

3 *response to a lawful request, to provide to the Office of Short Term Rentals for each short-term rental*

4 *transaction for which a Hosting Platform has provided a Booking Service:*

5                     *(i)     The name of the Owner or Business Entity who offered a*

6 *Residential Unit for Tourist or Transient Use,*

7                     *(ii)     The address of the Residential Unit,*

8                     *(iii)     The dates for which the tourist or transient user procured use of*

9 *the Residential Unit using the Booking Service provided by the Hosting Platform,*

10                     *(iv)     The registration number for the Residential Unit, and*

11                     *(v)     The affidavit required in subsection (g)(4)(D).*

12       (5)   The exception set forth in this subsection (g) provides an exception only to

13 the requirements of this Chapter 41A. It does not confer a right to lease, sublease, or

14 otherwise offer a residential unit for Short-Term Residential Use where such use is not

15 otherwise allowed by law, a homeowners association agreement or requirements, any

16 applicable covenant, condition, and restriction, a rental agreement, or any other restriction,

17 requirement, or enforceable agreement. All Owners and residents are required to comply with

18 the requirements of Administrative Code Chapter 37, the Residential Rent Stabilization and

19 Arbitration Ordinance, including but not limited to the requirements of Section 37.3(c).

20       (6)   ~~Department Contact Person.~~ The Department shall designate a contact

21 person for members of the public who wish to file Complaints under this Chapter 41A or who

22 otherwise seek information regarding this Chapter or Short-Term Residential Rentals. This

23 contact person shall also provide information to the public upon request regarding quality of

24 life issues, including, for example, noise violations, vandalism, or illegal dumping, and shall

25

1    direct the member of the public and/or forward any such Complaints to the appropriate City

2    department.

3                    (7)    Notwithstanding any other provision of this Chapter 41A, nothing in this

4    Chapter shall relieve an individual, Business Entity, or Hosting Platform of the obligations

5    imposed by any and all applicable provisions of state law and the Municipal Code including

6    but not limited to those obligations imposed by the Business and Tax Regulations Code.

7    Further, nothing in this Chapter shall be construed to limit any remedies available under any

8    and all applicable provisions of state law and the Municipal Code including but not limited to

9    the Business and Tax Regulations Code.

10

11   **SEC. 41A.6.  ADMINISTRATIVE ENFORCEMENT PROCEDURES.**

12            *    *    *    *

13            (d)    **Administrative Penalties for Violations and Enforcement Costs.**

14                    (1)    **Administrative Penalties.** Administrative penalties shall be assessed as

15   follows:

16                            (A)    For the initial violation *by an Owner or Business Entity*, not more than

17   four times the standard hourly administrative rate of $121 for*:*

18   _____ *(i)* ____each unlawfully converted unit *per day from the notice of*

19   *violation until such time as the unlawful activity terminates;* or

20   _____ *(ii)*    the initial ~~for each identified~~ failure of a Hosting Platform to

21   comply with ~~the requirements of~~ *its obligations under* subsection~~s~~ 41A.5(g)(4)~~,; (A), (B), (C), or~~

22   ~~41A.7(b),~~ *per day from the notice of violation until such time as the unlawful activity terminates;*

23                            (B)    For the second *and any subsequent* violation by the same Owner(s),

24   Business Entity, or Hosting Platform, not more than eight times the standard hourly

25   administrative rate of $121 for*:*

1                          *(i)*      each unlawfully converted unit *per day from the notice of*

2 *violation until such time as the unlawful activity terminates;~~;~~* or

3                       *(ii)*     *for* ~~the second and any subsequent~~*each identified* failure of a

4 Hosting Platform to comply with *its obligations under* ~~the requirements of~~ subsection~~s~~

5 41A.5(g)(4)~~, (A), (B), (C), or 41A.7(b), per day from the day the unlawful activity commenced until~~

6 ~~such time as the unlawful activity terminates; and~~

7                      ~~(C)   For the third and any subsequent violation by the same Owner(s), Business~~

8 ~~Entity, or Hosting Platform, not more than 12 times the standard hourly administrative rate of $121 for~~

9 ~~each unlawfully converted unit or for each identified failure of a Hosting Platform to comply with the~~

10 ~~requirements of subsections 41A.5(g)(4) (A), (B), (C), or 41A.7(b), per day from the day the unlawful~~

11 ~~activity commenced until such time as the unlawful activity terminates.~~

12         (2)    **Prohibition on Registration and Listing Unit(s) on Any Hosting**

13 **Platform.** In the event of multiple violations *of any Owner's or Business Entity's obligations under*

14 *this Chapter 41A*, the Department shall remove the Residential Unit(s) from the Registry for one

15 year and include the Residential Unit(s) on a list maintained by the Department of Residential

16 Units that may not be *offered for Tourist or Transient Use*~~listed on any Hosting Platform~~ until

17 compliance. Any Owner~~,~~ *or* Business Entity ~~or Hosting Platform~~ who continues to ~~list~~*offer for*

18 *rent* a Residential Unit in violation of this Section 41A.6 shall be liable for additional

19 administrative penalties and civil penalties of up to $1,000 per day of unlawful inclusion.

20

21      *   *   *   *

22      **SEC. 41A.7.  OFFICE OF SHORT-TERM RESIDENTIAL RENTAL ADMINISTRATION**

23 **AND ENFORCEMENT.**

24      (a)      The Mayor shall establish an Office of Short-Term Residential Rental

25 Administration and Enforcement, which shall provide a single location to receive and process

1    applications for the Registry and Complaints regarding violations of this Chapter 41A. This

2    office shall be staffed by the Department and other departments as appropriate, with

3    participation from the Department of Building Inspection, the Treasurer/Tax Collector's Office,

4    and other departments as needed, to process applications for the Registry and enforce the

5    requirements of this Chapter 41A in a timely and efficient manner. It is the intent of this Board

6    of Supervisors in directing the establishment of this office to streamline both the process of

7    administering the Registry and enforcing the requirements of this Chapter 41A to protect

8    residential housing from unlawful conversion to Tourist or Transient Use.  The Office of Short-

9    Term Residential Rental Administration and Enforcement shall promulgate rules and

10   regulations to simplify and streamline the application process and to minimize the time

11   between the filing of applications and their final approval.

12        (b)        **Monitor Hosting Platforms.**  In addition to the administrative enforcement

13   duties outlined in Section 41A.6, the Office of Short-Term Residential Rental Administration

14   and Enforcement shall actively monitor Hosting Platform listings ~~to ensure that Hosting Platforms~~

15   ~~are only listing Residential Units that are listed on the Registry~~.  Within 15 business days of the

16   effective date of ~~the ordinance in Board File No.160423~~ Ordinance No. 104-16, the Office of Short-

17   Term Residential Rental Administration and Enforcement shall complete a comprehensive

18   review of active Hosting Platform listings and produce an inventory of potentially non-

19   compliant listings discovered during the review.  Subsequent reviews of Hosting Platform

20   listings shall be performed on at least a monthly basis.

21        (1)  The Office of Short-Term Residential Rental Administration and

22   Enforcement shall, upon completion of a Hosting Platform review or discovery of a potentially

23   non-compliant listing, immediately provide notice to Hosting Platforms by electronic mail of all

24   listings that do not have valid registration numbers or are otherwise not in compliance with this

25   Chapter 41A.  These notices shall be provided to the City Attorney's Office.

1   ~~(2) Hosting Platforms shall respond to each notice sent pursuant to subsection (b)(1) by~~

2   ~~confirming, for each listing identified in the notice, that the listing has a valid registration number and~~

3   ~~providing that number and any other requested information relevant to determining whether the listing~~

4   ~~complies with the provisions of this Chapter 41A (including unit address and host information) to the~~

5   ~~Office of Short-Term Residential Rental Administration and Enforcement. Consistent with protections~~

6   ~~for Registry information, the Office of Short-Term Residential Rental Administration and Enforcement,~~

7   ~~to the extent permitted by law, shall redact registered Permanent Resident names and street and unit~~

8   ~~numbers from the records available for public review.~~

9   <u>(2)   The Office of Short-Term Residential Rental Administration and Enforcement shall</u>

10  <u>have the power to issue and serve administrative subpoenas as necessary to determine whether</u>

11  <u>Owners, Business Entities, and Hosting Platforms have complied with Administrative Code Chapter</u>

12  <u>41A.  The Office of Short-Term Residential Rental Administration and Enforcement shall issue and</u>

13  <u>serve subpoenas to the Hosting Platforms to obtain information necessary to determine whether</u>

14  <u>violations of Administrative Code Chapter 41A have occurred within a reasonable time not to exceed</u>

15  <u>30 days of discovering potential violations through a monthly review or other investigation effort.</u>

16  <u>Owners, Business Entities, and Hosting Platforms shall have a reasonable opportunity to challenge the</u>

17  <u>administrative subpoena by seeking judicial review before suffering any penalties for refusing to</u>

18  <u>comply.</u>

19  ~~(3)  For each listing that a Hosting Platform fails to provide the requested information~~

20  ~~within one City business day of the notice being sent by the Office of Short-Term Residential Rental~~

21  ~~Administration and Enforcement, the Hosting Platform shall be subject to the administrative penalties~~

22  ~~and enforcement provisions of this Chapter 41A, including but not limited to payment of civil penalties~~

23  ~~of up to $1,000 per day until the Hosting Platform complies with subsection (b)(2).~~

24      (c)      **Reporting to Board of Supervisors.**

25

Supervisors Campos; Peskin, Avalos, Mar
**BOARD OF SUPERVISORS**

1    (1) **Annual Reports.** The Office of Short-Term Residential Rental
2  Administration and Enforcement shall provide a report to the Board of Supervisors regarding
3  the administration and enforcement of the Short-Term Residential Rental program on an
4  annual basis. The report shall make recommendations regarding proposed amendments to
5  this Chapter 41A necessary to reduce any adverse effects of the Short-Term Residential
6  Rental program.

7    (2) **Quarterly Reports.** The Office of Short-Term Residential Rental
8  Administration and Enforcement shall provide quarterly reports to the Board of Supervisors
9  summarizing the Host Platform monitoring activities during the preceding quarter. The
10 periods covered by the quarterly reports shall commence on January 1, April 1, July 1, and
11 October 1, respectively. At a minimum, each report shall include the number of notices sent
12 to Hosting Platforms, the total number of listings included in those notices, the number *of any*
13 *administrative subpoenas issued upon discovery of potentially non-compliant listings,* ~~of listings that~~
14 ~~were confirmed as non-compliant or otherwise removed or modified by the Hosting Platforms in~~
15 ~~response to the notices,~~ and the number and amount of penalties imposed on *Owners, Business*
16 *Entities, or* Hosting Platforms for *violations of their respective obligations under this Chapter*
17 *41A.* ~~failing to respond to notices.~~ Each report shall break down information by zip code,
18 supervisorial district, and any other criteria as may be requested by the Board of Supervisors.

19    Section 3. Effective Date. This ordinance shall become effective 30 days after
20 enactment. Enactment occurs when the Mayor signs the ordinance, the Mayor returns the
21 ordinance unsigned or does not sign the ordinance within ten days of receiving it, or the Board
22 of Supervisors overrides the Mayor's veto of the ordinance.

23

24    Section 4. Scope of Ordinance. In enacting this ordinance, the Board of Supervisors
25 intends to amend only those words, phrases, paragraphs, subsections, sections, articles,

1   numbers, punctuation marks, charts, diagrams, or any other constituent parts of the Municipal

2   Code that are explicitly shown in this ordinance as additions, deletions, Board amendment

3   additions, and Board amendment deletions in accordance with the "Note" that appears under

4   the official title of the ordinance.  This ordinance sets forth revisions to Administrative Code

5   Chapter 41A, with the amendments adopted in Ordinance No. 104-16 shown as existing text,

6   even though the effective date of Ordinance No. 104-16 is July 24, 2016, subsequent to

7   introduction of this ordinance.

8

9   APPROVED AS TO FORM:
    DENNIS J. HERRERA, City Attorney

10

11  By:

12      ROBB KAPLA
        Deputy City Attorney

13

14  n:\legana\as2016\1500663\01119902.docx

15

16

17

18

19

20

21

22

23

24

25