DENNIS J. HERRERA, State Bar #139669
City Attorney
WAYNE SNODGRASS, State Bar #148137
JAMES M. EMERY, State Bar #153630
TARA M. STEELEY, State Bar #231775
ROBB W. KAPLA, State Bar #238896
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4602
Telephone: (415) 554-4655
Facsimile: (415) 554-4699
E-Mail: tara.steeley@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRBNB, INC., <br><br> Plaintiff, <br><br> HOMEAWAY.COM, INC., <br><br> Plaintiff-Intervenor, <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, <br><br> Defendant. | Case No. 3:16-cv-03615-JD <br><br> **NOTICE OF COMPLETION OF AMENDMENT PROCESS** |

On July 19, 2016, this Court entered an Order Staying Case. (Dkt #36.) The Court entered the stay because San Francisco had undertaken to amend the ordinace that plaintiffs challenged in this action. The Court stayed the case "pending completion of the amendment process." (*Id.*) The amendment process is now complete.

The amended ordinance was introduced to the Board of Supervisors Land Use and Transportation Committee on July 25, 2016. The full Board passed the amended ordinance on the first reading on July 26, 2016. The Board finally passed the amended ordinance on the second reading on August 2, 2016. The amended ordinance became law without the Mayor's signature on August 11, 2016. A true and correct copy of the amended ordinance, as finally enacted, is attached hereto as Exhibit A.

By the terms of the Court's July 19, 2016 Stay Order, because the amendment process is complete, the stay is no longer in effect. Plaintiffs have indicated they intend to challenge the amended ordinance. The parties have been unable to agree on a briefing schedule or terms of a voluntary stay pending a decision on plaintiffs' anticipated preliminary injunction motion.

Dated: August 17, 2016

>
> DENNIS J. HERRERA
> City Attorney
> WAYNE SNODGRASS
> JAMES M. EMERY
> TARA M. STEELEY
> ROBB W. KAPLA
> Deputy City Attorneys
>
> By: /s/James M. Emery
> JAMES M. EMERY
>
> Attorneys for Defendant
> CITY AND COUNTY OF SAN FRANCISCO

NOTICE OF COMPLETION OF AMENDMENT PROCESS
CASE NO. 3:16-cv-03615-JD

1

n:\govlit\li2016\161382\01129700.docx

**EXHIBIT A**

FILE NO. 160790

AMENDED IN BOARD
07/26/16
ORDINANCE NO. 178-16

[Administrative Code - Short-Term Residential Rentals]

**Ordinance amending the Administrative Code to revise the Residential Unit Conversion Ordinance to require Hosting Platforms to verify that a Residential Unit is on the City Registry prior to accepting a fee for booking a short-term rental transaction, and to provide an affidavit of compliance to the City and retain certain records; authorize the Office of Short Term Rentals to issue an administrative subpoena to obtain records; and provide for civil, administrative, and criminal penalties against Hosting Platforms for violations of their obligations under the Residential Unit Conversion Ordinance; and affirming the Planning Department's determination under the California Environmental Quality Act.**

> NOTE: Unchanged Code text and uncodified text are in plain Arial font.
> Additions to Codes are in *single-underline italics Times New Roman font*.
> Deletions to Codes are in *strikethrough italics Times New Roman font*.
> Board amendment additions are in double-underlined Arial font.
> Board amendment deletions are in strikethrough Arial font.
> Asterisks (* * * *) indicate the omission of unchanged Code subsections or parts of tables.

Be it ordained by the People of the City and County of San Francisco:

Section 1. Environmental Findings. The Planning Department has determined that the actions contemplated in this ordinance comply with the California Environmental Quality Act (California Public Resources Code Sections 21000 et seq.). Said determination is on file with the Clerk of the Board of Supervisors in File No. 160790 and is incorporated herein by reference. The Board affirms this determination.

Section 2. The Administrative Code is hereby amended by revising Sections 41A.4, 41A.5, 41A.6, and 41A.7, to read as follows:

1  **SEC. 41A.4. DEFINITIONS.**

2  Whenever used in this Chapter 41A, the following words and phrases shall have the

3  definitions provided in this Section:

4  ***Booking Service.*** *A Booking Service is any reservation and/or payment service provided by a*

5  *person or entity that facilitates a short-term rental transaction between an Owner or Business Entity*

6  *and a prospective tourist or transient user, and for which the person or entity collects* or receives,

7  directly or indirectly through an agent or intermediary, *a fee in connection with the reservation*

8  *and*/or *payment services provided for the short-term rental transaction.*

9  \* \* \* \*

10  **Hosting Platform.** A person or entity that participates in *the* short-term rental business

11  by providing, ~~a means~~ *and collecting* or receiving *a fee for, Booking Services* through which an

12  Owner may offer a Residential Unit for Tourist or Transient Use. ~~This business service is~~*Hosting*

13  *Platforms* usually, though not necessarily, provide~~d~~ *Booking Services* through an online platform

14  that allows an Owner to advertise the Residential Unit through a website provided by the

15  Hosting Platform and ~~provides a means for~~ *the Hosting Platform conducts a transaction by which*

16  potential tourist or transient users ~~to~~ arrange Tourist or Transient Use and payment, whether

17  the tourist or transient pays rent directly to the Owner or to the Hosting Platform.

18  \* \* \* \*

19  **SEC. 41A.5. UNLAWFUL CONVERSION; REMEDIES.**

20  \* \* \* \*

21  (e) **Criminal Penalties.** Any Owner or Business Entity who rents a Residential Unit for

22  Tourist or Transient Use in violation of this Chapter 41A, or any Hosting Platform that provides

23  *a Booking Service* ~~a listing~~ for a Residential Unit *to be used* for Tourist or Transient Use in

24  violation of *the Hosting Platform's obligations under* this Chapter 41A, ~~without correcting or~~

25  ~~remedying the violation as provided for in subsection 41A.6(c)(6),~~ shall be guilty of a misdemeanor.

Any person convicted of a misdemeanor hereunder shall be punishable by a fine of not more than $1,000 or by imprisonment in the County Jail for a period of not more than six months, or by both. Each Residential Unit rented for Tourist or Transient Use shall constitute a separate offense.

* * * *

(g) **Exception for Short-Term Residential Rental.**

* * * *

(4) **Requirements for Hosting Platforms.**

(A) ~~Notice to Users of Hosting Platform.~~ All Hosting Platforms shall provide the following information in a notice to any user listing a Residential Unit located within the City and County of San Francisco through the Hosting Platform's service. The notice shall be provided prior to the user listing the Residential Unit and shall include the following information: that Administrative Code Chapters 37 and 41A regulate Short-Term Rental of Residential Units; the requirements for Permanent Residency and registration of the unit with the Department; and the transient occupancy tax obligations to the City.

(B) A Hosting Platform shall comply with the requirements of the Business and Tax Regulations Code by, among any other applicable requirements, collecting and remitting all required Transient Occupancy Taxes, and this provision shall not relieve a Hosting Platform of liability related to an occupant's, resident's, Business Entity's, or Owner's failure to comply with the requirements of the Business and Tax Regulations Code. A Hosting Platform shall maintain a record demonstrating that the taxes have been remitted to the Tax Collector. ~~and shall make this record available to the Tax Collector upon request.~~

(C) *A Hosting Platform may provide, and collect a fee for, Booking Services in connection with short-term rentals for Residential Units located in the City and County of San Francisco only when those Residential Units are lawfully registered on the Short Term Residential*

1  *Rental Registry at the time the Residential Unit is rented for short term rental.* ~~Prior to providing~~
2  ~~reservation and payment services for a listing of a Residential Unit within the City to be rented for~~
3  ~~Tourist or Transient Use, a Hosting Platform shall verify with the Office of Short-Term Residential~~
4  ~~Rental Administration and Enforcement that the Residential Unit is listed on the Registry and has a~~
5  ~~valid registration number. For each listing active on the effective date of the ordinance in Board File~~
6  ~~No. 160423 and thereafter, Hosting Platforms shall comply with this subsection (g)(4)(C) by:~~
7  ~~(i) Providing the verified registration number on each listing in the area~~
8  ~~of the listing dedicated to information verified or compiled by the Hosting Platform about the host, such~~
9  ~~as host response rate, host ratings, and date of joining the platform prior to conducting any booking~~
10 ~~service for such host; or~~
11 ~~(ii) Sending the verified registration number, Residential Unit street~~
12 ~~address (including any unit number), and host name to the Office of Short-Term Residential Rental~~
13 ~~Administration and Enforcement by electronic mail prior to posting the listing on the platform.~~
14 ~~Consistent with protections for Registry information, the Office of Short-Term Residential Rental~~
15 ~~Administration and Enforcement, to the extent permitted by law, shall redact registered Permanent~~
16 ~~Resident names and street and unit numbers from the records available for public review.~~
17 ~~(D) Any violation of a Hosting Platform's responsibilities under subsections (g)(4)(A),~~
18 ~~(B), or (C), or 41A.7(b) shall subject the Hosting Platform to the administrative penalties and~~
19 ~~enforcement provisions of this Chapter 41A, including but not limited to payment of civil penalties of up~~
20 ~~to $1,000 per day for the period of the failure to comply, with the exception that any violation related to~~
21 ~~failure to comply with the requirements of the Business and Tax Regulations Code shall be enforced by~~
22 ~~the Treasurer/Tax Collector under that Code.~~
23 *(D) Commencing November 5, 2016, and on the fifth day of every month*
24 *thereafter, a Hosting Platform shall provide a signed affidavit to the Office of Short Term Rentals*
25

*verifying that the Hosting Platform has complied with subsection (g)(4)(C) of this Section 41A.5 in the immediately preceding month.*

        *(E)    For not less than three years following the end of the calendar year in which the short-term rental transaction occurred, the Hosting Platform shall maintain and be able, in response to a lawful request, to provide to the Office of Short Term Rentals for each short-term rental transaction for which a Hosting Platform has provided a Booking Service:*

            *(i)    The name of the Owner or Business Entity who offered a Residential Unit for Tourist or Transient Use,*

            *(ii)    The address of the Residential Unit,*

            *(iii)    The dates for which the tourist or transient user procured use of the Residential Unit using the Booking Service provided by the Hosting Platform,*

            *(iv)    The registration number for the Residential Unit, and*

            *(v)    The affidavit required in subsection (g)(4)(D).*

    (5)    The exception set forth in this subsection (g) provides an exception only to the requirements of this Chapter 41A. It does not confer a right to lease, sublease, or otherwise offer a residential unit for Short-Term Residential Use where such use is not otherwise allowed by law, a homeowners association agreement or requirements, any applicable covenant, condition, and restriction, a rental agreement, or any other restriction, requirement, or enforceable agreement. All Owners and residents are required to comply with the requirements of Administrative Code Chapter 37, the Residential Rent Stabilization and Arbitration Ordinance, including but not limited to the requirements of Section 37.3(c).

    (6)    *~~Department Contact Person.~~* The Department shall designate a contact person for members of the public who wish to file Complaints under this Chapter 41A or who otherwise seek information regarding this Chapter or Short-Term Residential Rentals. This contact person shall also provide information to the public upon request regarding quality of

life issues, including, for example, noise violations, vandalism, or illegal dumping, and shall direct the member of the public and/or forward any such Complaints to the appropriate City department.

(7) Notwithstanding any other provision of this Chapter 41A, nothing in this Chapter shall relieve an individual, Business Entity, or Hosting Platform of the obligations imposed by any and all applicable provisions of state law and the Municipal Code including but not limited to those obligations imposed by the Business and Tax Regulations Code. Further, nothing in this Chapter shall be construed to limit any remedies available under any and all applicable provisions of state law and the Municipal Code including but not limited to the Business and Tax Regulations Code.

SEC. 41A.6. ADMINISTRATIVE ENFORCEMENT PROCEDURES.

* * * *

(d) **Administrative Penalties for Violations and Enforcement Costs.**

(1) **Administrative Penalties.** Administrative penalties shall be assessed as follows:

(A) For the initial violation *by an Owner or Business Entity*, not more than four times the standard hourly administrative rate of $121 for*:*

(i) each unlawfully converted unit *per day from the notice of violation until such time as the unlawful activity terminates;* or

(ii) *the initial* ~~for each identified~~ failure of a Hosting Platform to comply with ~~the requirements of~~ *its obligations under* subsection~~s~~ 41A.5(g)(4)*.*~~, (A), (B), (C), or 41A.7(b), per day from the notice of violation until such time as the unlawful activity terminates;~~

(B) For the second *and any subsequent* violation by the same Owner(s), Business Entity, or Hosting Platform, not more than eight times the standard hourly administrative rate of $121 for*:*

*(i)* each unlawfully converted unit *per day from the notice of violation until such time as the unlawful activity terminates;* or

*(ii)* ~~for~~ *the second and any subsequent*~~each identified~~ failure of a Hosting Platform to comply with *its obligations under* ~~the requirements of~~ subsection~~s~~ 41A.5(g)(4)*.* ~~(A), (B), (C), or 41A.7(b), per day from the day the unlawful activity commenced until such time as the unlawful activity terminates; and~~

~~(C) For the third and any subsequent violation by the same Owner(s), Business Entity, or Hosting Platform, not more than 12 times the standard hourly administrative rate of $121 for each unlawfully converted unit or for each identified failure of a Hosting Platform to comply with the requirements of subsections 41A.5(g)(4) (A), (B), (C), or 41A.7(b), per day from the day the unlawful activity commenced until such time as the unlawful activity terminates.~~

(2) **Prohibition on Registration and Listing Unit(s) on Any Hosting Platform.** In the event of multiple violations *of any Owner's or Business Entity's obligations under this Chapter 41A*, the Department shall remove the Residential Unit(s) from the Registry for one year and include the Residential Unit(s) on a list maintained by the Department of Residential Units that may not be *offered for Tourist or Transient Use*~~listed on any Hosting Platform~~ until compliance. Any Owner,*-or* Business Entity ~~or Hosting Platform~~ who continues to ~~list~~*offer for rent* a Residential Unit in violation of this Section 41A.6 shall be liable for additional administrative penalties and civil penalties of up to $1,000 per day of unlawful inclusion.

\* \* \* \*

SEC. 41A.7. OFFICE OF SHORT-TERM RESIDENTIAL RENTAL ADMINISTRATION AND ENFORCEMENT.

(a) The Mayor shall establish an Office of Short-Term Residential Rental Administration and Enforcement, which shall provide a single location to receive and process applications for the Registry and Complaints regarding violations of this Chapter 41A. This office shall be staffed by the Department and other departments as appropriate, with participation from the Department of Building Inspection, the Treasurer/Tax Collector's Office, and other departments as needed, to process applications for the Registry and enforce the requirements of this Chapter 41A in a timely and efficient manner. It is the intent of this Board of Supervisors in directing the establishment of this office to streamline both the process of administering the Registry and enforcing the requirements of this Chapter 41A to protect residential housing from unlawful conversion to Tourist or Transient Use. The Office of Short-Term Residential Rental Administration and Enforcement shall promulgate rules and regulations to simplify and streamline the application process and to minimize the time between the filing of applications and their final approval.

(b) **Monitor Hosting Platforms.** In addition to the administrative enforcement duties outlined in Section 41A.6, the Office of Short-Term Residential Rental Administration and Enforcement shall actively monitor Hosting Platform listings ~~to ensure that Hosting Platforms are only listing Residential Units that are listed on the Registry~~. Within 15 business days of the effective date of ~~the ordinance in Board File No. 160423~~ *Ordinance No. 104-16*, the Office of Short-Term Residential Rental Administration and Enforcement shall complete a comprehensive review of active Hosting Platform listings and produce an inventory of potentially non-compliant listings discovered during the review. Subsequent reviews of Hosting Platform listings shall be performed on at least a monthly basis.

(1) The Office of Short-Term Residential Rental Administration and Enforcement shall, upon completion of a Hosting Platform review or discovery of a potentially non-compliant listing, immediately provide notice to Hosting Platforms by electronic mail of all listings that do not have valid registration numbers or are otherwise not in compliance with this Chapter 41A. These notices shall be provided to the City Attorney's Office.

~~(2) Hosting Platforms shall respond to each notice sent pursuant to subsection (b)(1) by confirming, for each listing identified in the notice, that the listing has a valid registration number and providing that number and any other requested information relevant to determining whether the listing complies with the provisions of this Chapter 41A (including unit address and host information) to the Office of Short-Term Residential Rental Administration and Enforcement. Consistent with protections for Registry information, the Office of Short-Term Residential Rental Administration and Enforcement, to the extent permitted by law, shall redact registered Permanent Resident names and street and unit numbers from the records available for public review.~~

*(2) The Office of Short-Term Residential Rental Administration and Enforcement shall have the power to issue and serve administrative subpoenas as necessary to determine whether Owners, Business Entities, and Hosting Platforms have complied with Administrative Code Chapter 41A. The Office of Short-Term Residential Rental Administration and Enforcement shall issue and serve subpoenas to the Hosting Platforms to obtain information necessary to determine whether violations of Administrative Code Chapter 41A have occurred within a reasonable time not to exceed 30 days of discovering potential violations through a monthly review or other investigation effort. Owners, Business Entities, and Hosting Platforms shall have a reasonable opportunity to challenge the administrative subpoena by seeking judicial review before suffering any penalties for refusing to comply.*

~~(3) For each listing that a Hosting Platform fails to provide the requested information within one City business day of the notice being sent by the Office of Short-Term Residential Rental~~

1 ~~Administration and Enforcement, the Hosting Platform shall be subject to the administrative penalties~~
2 ~~and enforcement provisions of this Chapter 41A, including but not limited to payment of civil penalties~~
3 ~~of up to $1,000 per day until the Hosting Platform complies with subsection (b)(2).~~
    (c) **Reporting to Board of Supervisors.**

        (1) **Annual Reports.** The Office of Short-Term Residential Rental Administration and Enforcement shall provide a report to the Board of Supervisors regarding the administration and enforcement of the Short-Term Residential Rental program on an annual basis. The report shall make recommendations regarding proposed amendments to this Chapter 41A necessary to reduce any adverse effects of the Short-Term Residential Rental program.

        (2) **Quarterly Reports.** The Office of Short-Term Residential Rental Administration and Enforcement shall provide quarterly reports to the Board of Supervisors summarizing the Host Platform monitoring activities during the preceding quarter. The periods covered by the quarterly reports shall commence on January 1, April 1, July 1, and October 1, respectively. At a minimum, each report shall include the number of notices sent to Hosting Platforms, the total number of listings included in those notices, the number _of any administrative subpoenas issued upon discovery of potentially non-compliant listings,_ ~~of listings that were confirmed as non-compliant or otherwise removed or modified by the Hosting Platforms in response to the notices,~~ and the number and amount of penalties imposed on _Owners, Business Entities, or_ Hosting Platforms for _violations of their respective obligations under this Chapter 41A._ ~~failing to respond to notices.~~ Each report shall break down information by zip code, supervisorial district, and any other criteria as may be requested by the Board of Supervisors.

    Section 3. Effective Date. This ordinance shall become effective 30 days after enactment. Enactment occurs when the Mayor signs the ordinance, the Mayor returns the

ordinance unsigned or does not sign the ordinance within ten days of receiving it, or the Board of Supervisors overrides the Mayor's veto of the ordinance.

Section 4. Scope of Ordinance. In enacting this ordinance, the Board of Supervisors intends to amend only those words, phrases, paragraphs, subsections, sections, articles, numbers, punctuation marks, charts, diagrams, or any other constituent parts of the Municipal Code that are explicitly shown in this ordinance as additions, deletions, Board amendment additions, and Board amendment deletions in accordance with the "Note" that appears under the official title of the ordinance. This ordinance sets forth revisions to Administrative Code Chapter 41A, with the amendments adopted in Ordinance No. 104-16 shown as existing text, even though the effective date of Ordinance No. 104-16 is July 24, 2016, subsequent to introduction of this ordinance.

APPROVED AS TO FORM:
DENNIS J. HERRERA, City Attorney

By: _____
ROBB KAPLA
Deputy City Attorney

n:\legana\as2016\1500663\01123988.docx



**City and County of San Francisco**

**Tails**

**Ordinance**

City Hall
1 Dr. Carlton B. Goodlett Place
San Francisco, CA 94102-4689

**File Number:** 160790  **Date Passed:** August 02, 2016

Ordinance amending the Administrative Code to revise the Residential Unit Conversion Ordinance to require Hosting Platforms to verify that a Residential Unit is on the City Registry prior to accepting a fee for booking a short-term rental transaction, and to provide an affidavit of compliance to the City and retain certain records; authorize the Office of Short Term Rentals to issue an administrative subpoena to obtain records; provide for civil, administrative, and criminal penalties against Hosting Platforms for violations of their obligations under the Residential Unit Conversion Ordinance; and affirming the Planning Department's determination under the California Environmental Quality Act.

July 25, 2016 Land Use and Transportation Committee - REFERRED WITHOUT RECOMMENDATION AS COMMITTEE REPORT

July 26, 2016 Board of Supervisors - AMENDED, AN AMENDMENT OF THE WHOLE BEARING SAME TITLE
Ayes: 9 - Avalos, Breed, Campos, Cohen, Kim, Peskin, Tang, Wiener and Yee
Excused: 1 - Farrell
Absent: 1 - Mar

July 26, 2016 Board of Supervisors - PASSED ON FIRST READING AS AMENDED
Ayes: 9 - Avalos, Breed, Campos, Cohen, Kim, Peskin, Tang, Wiener and Yee
Excused: 1 - Farrell
Absent: 1 - Mar

August 02, 2016 Board of Supervisors - FINALLY PASSED
Ayes: 10 - Avalos, Breed, Campos, Cohen, Kim, Mar, Peskin, Tang, Wiener and Yee
Excused: 1 - Farrell

File No. 160790

I hereby certify that the foregoing Ordinance was FINALLY PASSED on 8/2/2016 by the Board of Supervisors of the City and County of San Francisco.

*Peggy Nevin*
for Angela Calvillo
Clerk of the Board

___Unsigned___  ___8/11/16___
Mayor  Date Approved

I hereby certify that the foregoing ordinance, not being signed by the Mayor within the time limit as set forth in Section 3.103 of the Charter, or time waived pursuant to Board Rule 2.14.2, became effective without his approval in accordance with the provision of said Section 3.103 of the Charter or Board Rule 2.14.2.

*Peggy Nevin*
for Angela Calvillo
Clerk of the Board

8/12/16
Date

# PROOF OF SERVICE

I, KIANA V. DAVIS, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. I am employed at the City Attorney's Office of San Francisco, 1 Dr. Carlton B. Goodlett Place, City Hall, Room 234, San Francisco, CA 94102.

On August 17, 2016, I served the following document(s):

**NOTICE OF COMPLETION OF AMENDMENT PROCESS**

on the following persons at the locations specified:

| | |
|---|---|
| Jonathan H. Blavin, Esq.<br>Ellen M. Richmond, Esq.<br>Joshua Patashnik, Esq.<br>MUNGER, TOLLES & OLSON LLP<br>560 Mission Street, Twenty-Seventh Floor<br>San Francisco, CA 94105-4000<br>Telephone: (415) 512-4000<br>Facsimile: (415) 512-4077<br>Email: jonathan.blavin@mto.com<br>Email: ellen.richmond@mto.com<br>Email: josh.patashnik@mto.com<br>[Counsel for Plaintiff Airbnb, Inc.] | Thomas R. Burke, Esq.<br>Sanjay M. Nangia, Esq.<br>DAVIS WRIGHT TREMAINE LLP<br>505 Montgomery Street, Suite 800<br>San Francisco, California 94111<br>Telephone: (415) 276-6500<br>Facsimile: (415) 276-6599<br>Email: sanjaynangia@dwt.com<br>Email: thomasburke@dwt.com<br>[Counsel for HomeAway.com, Inc.] |
| John W. Spiegel, Esq.<br>MUNGER, TOLLES & OLSON LLP<br>355 South Grand Avenue, Thirty-Fifth Floor<br>Los Angeles, California 90071-1560<br>Telephone: (213) 683-9100<br>Facsimile: (213) 687-3702<br>Email: john.spiegel@mto.com<br>[Counsel for Plaintiff Airbnb, Inc.]<br>[VIA MAIL] | Ambika Kumar Doran, Esq.<br>James C. Grant, Esq.<br>DAVIS WRIGHT TREMAINE LLP<br>1201 Third Avenue, Suite 2200<br>Seattle, WA 98101-3045<br>Telephone: (206) 757-8030<br>Facsimile: (206) 757-7700<br>Email: ambikadoran@dwt.com<br>Email: amesgrant@dwt.com<br>[Counsel for HomeAway.com, Inc.] |

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☒ **BY E-SERVICE**: Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be served electronically through the CM/ECF System.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed August 17, 2016, at San Francisco, California.

*/s/Kiana V. Davis*
KIANA V. DAVIS
