1   JONATHAN H. BLAVIN (State Bar No. 230269)
    jonathan.blavin@mto.com
2   ELLEN M. RICHMOND (State Bar No. 277266)
    ellen.richmond@mto.com
3   JOSHUA PATASHNIK (State Bar No. 295120)
    josh.patashnik@mto.com
4   MUNGER, TOLLES & OLSON LLP
    560 Mission Street, Twenty-Seventh Floor
5   San Francisco, CA 94105-4000
    Telephone:    (415) 512-4000
6   Facsimile:    (415) 512-4077

7   JOHN W. SPIEGEL (State Bar No. 78935)
    john.spiegel@mto.com
8   MUNGER, TOLLES & OLSON LLP
    355 South Grand Avenue, Thirty-Fifth Floor
9   Los Angeles, California 90071-1560
    Telephone:    (213) 683-9100
10  Facsimile:    (213) 687-3702

11  Attorneys for Plaintiff Airbnb, Inc.

12  *[Additional counsel listed on next page]*

13

14                  UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16                  SAN FRANCISCO DIVISION

17

18  AIRBNB, INC. and HOMEAWAY.COM,            Case No. 3:16-cv-03615-JD
    INC.,
19                                            **[PROPOSED] ORDER GRANTING**
                Plaintiffs,                   **PLAINTIFFS' JOINT MOTION FOR**
20                                            **A PRELIMINARY INJUNCTION**
            vs.
21                                            Judge:        Hon. James Donato
    CITY AND COUNTY OF SAN                    Courtroom:    11
22  FRANCISCO,                                Time:         Oct. 6, 2016 at 10:00 am

23              Defendant.

24

25

26

27

28

1  *Additional counsel:*

2  THOMAS R. BURKE (CA State Bar No. 141930)
   thomasburke@dwt.com
3  SANJAY M. NANGIA (CA State Bar No. 264986)
   sanjaynangia@dwt.com
4  DAVIS WRIGHT TREMAINE LLP
   505 Montgomery Street, Suite 800
5  San Francisco, California  94111
   Telephone:     (415) 276-6500
6  Facsimile:      (415) 276-6599

7  JAMES C. GRANT (*pro hac vice*)
   jamesgrant@dwt.com
8  AMBIKA K. DORAN (*pro hac vice*)
   ambikadoran@dwt.com
9  DAVIS WRIGHT TREMAINE LLP
   1201 Third Avenue, Suite 2200
10 Seattle, Washington  98101
   Telephone:  (206) 757-8136
11 Facsimile:  (206) 757-7136

12 Attorneys for HomeAway.com, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**[PROPOSED] ORDER**

2      Before the Court is the Motion for a Preliminary Injunction ("Motion") of Plaintiffs Airbnb,

3 Inc. and HomeAway.com, Inc. ("Plaintiffs").  Having considered the papers and the entire record,

4 the Court finds, concludes, and orders as follows:

5             1.      Plaintiffs have shown a likelihood of success on the merits of their challenge

6 to Sections 41A.5(e) and 41A.5(g)(4)(C)-(E) of the San Francisco Administrative Code (the

7 "Ordinance"), pursuant to 42 U.S.C. § 1983, the Declaratory Judgment Act, 28 U.S.C. § 2201, and

8 the court's equitable powers, and Plaintiffs have also shown a likelihood of irreparable harm absent

9 injunctive relief and that the balance of the equities and the public interest tip in their favor.

10             2.      Plaintiffs have shown a likelihood of success on their claim that the

11 Ordinance violates 47 U.S.C. § 230 and the Supremacy Clause because it would permit the

12 imposition of civil and criminal penalties on websites in their roles as publishers and speakers of

13 third-party rental listings and other information provided by third parties.

14             3.      Plaintiffs have shown a likelihood of success on their claim that the

15 Ordinance violates the First and Fourteenth Amendments of the United States Constitution because

16 it would place content-based restrictions on speech by imposing civil and criminal penalties on

17 Plaintiffs as a result of the publication of third-party content, and the restrictions the Ordinance

18 would impose are not narrowly tailored to promote a compelling or substantial interest on the part of

19 Defendant City and County of San Francisco ("the City").

20             4.      Plaintiffs have shown a likelihood of success on their claim that the

21 Ordinance violates the First Amendment and Due Process Clause of the Fourteenth Amendment of

22 the United States Constitution because it purports to impose strict criminal liability for the

23 publication of third-party listings in the absence of proof of mens rea or scienter.

24             5.      Plaintiffs have shown a likelihood of success on their claim that the

25 Ordinance violates the First Amendment and Due Process Clause of the Fourteenth Amendment of

26 the United States Constitution because the Ordinance is unconstitutionally vague and fails to

27 provide an ordinary person with notice of the conduct it punishes.

28

6.      Because the Ordinance will result in the immediate infringement of First Amendment rights, the Court may presume that irreparable harm will result.  In addition, Plaintiffs have shown that they will suffer irreparable harm if the City is allowed to continue enforcing the Ordinance because they will be forced to choose between risking criminal liability and censoring third-party speech on their websites to ensure that no such conduct runs afoul of the Ordinance.  Plaintiffs also face irreparable harm because they face threats of prosecution and significant fines under a preempted and unconstitutional law, and disruption to their businesses and a loss of consumer goodwill.

7.      There will be little harm to the City if it is forced to forgo enforcement of the Ordinance against hosting platforms, as it can still enforce its short-term rental laws against property owners and hosts who violate it.  And any harm to the City is minimal in comparison to the substantial threats to their free speech rights that Plaintiffs face from enforcement of the Ordinance as well as threats of criminal and civil penalties under a preempted and unconstitutional law.  The balance of the equities therefore tips in Plaintiffs' favor.

8.      An injunction is in the public interest.  The public interest is served by "the Constitution's declaration that federal law is to be supreme."  *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1059-60 (9th Cir. 2009).  In addition, "'it is always in the public interest to prevent the violation of a party's constitutional rights.'"  *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012).

THEREFORE, the Court ORDERS as follows:

(A)      Plaintiffs' Motion is GRANTED.

(B)      Defendant City and County of San Francisco and its agents, servants, employees, and attorneys are hereby enjoined from taking any action—including, but not limited to, any investigation, arrest, citation, prosecution, or penalty—to enforce against Plaintiffs Sections 41A.5(e) and 41A.5(g)(4)(C)-(E) of the Ordinance, as well as the other portions of Chapter 41A of the San Francisco Administrative Code providing for enforcement and penalties based on violations of those provisions.

1    (C)    This injunction will issue without the requirement of any security bond because

2  Plaintiffs have shown a likelihood of success on the merits of their claims under the

3  Communications Decency Act and the First and Fourteenth Amendments.  The Court additionally

4  finds that the City will suffer little or no harm from ceasing enforcement of the Ordinance against

5  hosting platforms.

6    (D)    The injunction shall take effect immediately and remain in effect during the duration

7  of this action and through final judgment, absent reversal or amendment by appellate order.

8

9    IT IS SO ORDERED.

10

11  Dated:_____                                        _____

12                                                               Hon. James Donato
                                                                 United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING PLAINTIFFS' JOINT MOTION FOR A PRELIMINARY INJUNCTION
CASE NO. 3:16-cv-03615-JD