# EXHIBIT B

# Airbnb Again At The Center Of Political Play This Election Year As Supervisors Fast-Track Amendments

by Caleb Pershan in News on Jul 26, 2016 1:35 pm







David Campos has built much of his political career on loud calls to preserve housing stock and combat gentrification, and as he approaches the end of his final term as District 9 Supervisor, he's crafted a characteristic stand to crack down on short term rental violations. In April he proposed amendments to incentivize enforcement of existing short term rental laws by fining platforms, rather than users, like Airbnb as much as $1,000 per day per unregistered unit listed on their websites. That stand, however, has turned into a political gamble with looming lawsuits and potential pitfalls.

At first, Campos's colleagues were on board: In June, the Supervisors approved his changes unanimously, thus avoiding the possibility of a veto by fairly Airbnb-friendly Mayor Ed Lee. Deputy City Attorney Jon Givner said the amendment didn't appear to violate federal law — specifically the Communications Decency Act, which protects platforms from liability for content posted by their users. "This ordinance does not regulate the content of any posted information on the website of a hosting platform," Givner said at the time. "It regulates the business

activities of the hosting platforms. It extends the type of information they must collect in order to engage in booking services and doesn't regulate the content of the website."

But Airbnb, for whom the financial damage of Campos' penalties could have proved painful, disagreed, arguing that the law would in fact violate the Communications Decency Act, the federal Stored Communications Act, and First Amendment rights — that last one by imposing a "content-based restriction on advertising rental listings, which is speech." In response, Supervisors Campos, Aaron Peskin, Eric Mar, and John Avalos pulled back and quickly began changing the law's language to try to avoid the suit. The revision focuses on Airbnb as a rental transaction company — rather than being fined simply for publishing listings by hosts who haven't registered with the city, the language now puts Airbnb on the hook for $1,000 per transaction once an illegal unit has been rented on the site.

Now, with the clock ticking and the lawsuit currently on hold for 60 days, Campos and progressive colleagues on the board like Peskin are fast-tracking the amended amendments. A report on the move will be heard at the full Board meeting today, with Board of Supervisors President London Breed waiving a standard 30-day analysis period on the adjustments. In their haste, it's looking like the newest version of the law would exempt existing competitors to Airbnb like Homeaway, based in Austin, and its subsidiary VRBO, sites that have been showing recent growth while Airbnb is under fire. Homeaway, for example, had 31 percent more listings this year than last according to recent analysis in the Chronicle. Homeaway claims a status similar to Craigslist as a sort of classified listings site that doesn't itself handle financial transactions between hosts and short term renters. "If a platform does not get a fee for booking services, it would be outside the purview of the revised law," Deputy City Attorney Robb Kapla tells the Chronicle. Boston-based Flipkey, meanwhile, may also be targeted because they process transactions much like Airbnb does.

This all may become a problem for other Supervisors. Discussing Campos's most recent measures in a Land Use Committee meeting yesterday, Supervisor Weiner emphasized a need to make policy inclusive. "I think its really important to [make sure] that we're regulating as broadly as possible," he said. "The measure that this amended, which I voted for, to try to improve and increase enforcement... to the extent that the amendments were to contract that, and start exempting out certain companies and focusing on other companies, that would be an issue for me."

As for the count that the changes will still violate federal laws, as Airbnb insists they do, at yesterday's committee meeting Peskin seemed to think he and Campos were in the clear. "After conferring with the city attorney about Airbnb's legal arguments after they filed litigation on the law we all passed last month, it is our desire to simultaneously address Airbnb's legal objections while fulfilling the intent of the original ordinance with these few modest revisions that are in front of us today."

Campos agrees, telling SFist, "I think a lot of people were surprised that [Airbnb] sued us... but in some respects, I feel like it's very responsible for us to do what we did. They filed their lawsuit, we read their brief, we said, you make a good point, so we're going to modify."

The Supervisor is comfortable making another stand, he says: "We feel very confident. We know that anything can happen in litigation, what we hear from the city attorney is that we have a strong case. We felt good from

the very beginning, but i think that we want to have the strongest legal argument possible... we also know that Airbnb has hired a whole team of lawyers to figure out ways of finding weaknesses or holes in this argument."

Like Campos, Peskin is throwing down a gauntlet: "Let's be clear," Peskin said in yesterday's meeting, "the reaction by Aibnb and other hosting platforms to our amendments will speak volumes about their willingness to work reasonably and in good faith for this needed regulation or whether their real motivation is to flaunt our tourist rental laws with impunity." Campos also indicated that he doubted Airbnb wanted regulations at all. "Airbnb essentially wrote this law, they met with (then supervisor) David Chiu 60 plus times, and they're basically suing us over a law that they drafted." That's a strong political set up: According to that logic, if Airbnb sues, they're the bad guys.

Campos did not speak to the potential for competitor sites to be exempted from these penalties. His fight, it seems, is squarely with Airbnb, which feels important on a few levels. "I think it's important for us in SF to push back, in Airbnb's home city, where it started," he says. It's easier to avoid a simultaneous fight with Homeaway by leaving them out of the fray. But meanwhile, the city treasurer's office has twice subpoenaed Homeaway to collect taxes, and in June the City Attorney Herrera petitioned the San Francisco Superior Court to [compel the company to comply](). Clearly, their office knows, or should know, how Homeaway works and whether it would be exempt under Campos' amended legislation — and Homeaway's executives have openly acknowledged to the Chronicle that many of their users are flouting San Francisco law. Finally, Homeaway has a connection to Willie Brown: Expedia, Homeaway's owner, has allegedly had Brown, a practicing lawyer and consultant, on retainer for years, and earlier this month he [penned this odd op-ed for the LA Daily News]() scolding the LA City Council for "taking steps to hinder the STR (short-term rental) industry — an approach not in line with our state's history of forward-thinking governance."

As the intersection of tech and housing stock, Airbnb is a potent target for a supervisor like Campos, in his final term, who has held high the banner of housing. "I've said from the very beginning, Airbnb did not create this housing crisis but it did exacerbate it." It's also neatly in line with Campos's [argument for the creation of a Public Advocate]() position at City Hall. San Francisco has "a strong mayor system, and it's not clear that even where the city has the ability to go and request certain information [from Airbnb] that they will... Whether it's this, whether it's some other issue, there's only so much the Board can do. You look even at the power of subpoena, for instance: The Board of Supervisors has power of subpoena, but to exercise that power, you need the majority of the board." That power is included in Campos's proposed measure to create the position, and it's something public advocates in other cities such as New York have used.

To Airbnb, of course, the aggressive focus on their platform with a disregard for competitors might be seen as an unfair and un-neighborly grudge against a company with a history of scuffles in its home city — though they are now in better compliance than their competitors and are contributing to the city's tax coffers. The company appears willing to come back to the table to figure out how best to enforce the existing law, but amendments like these, they say, are just bluntly forcing their hands for political gain — and they won't stand up in court. "The newest proposal continues to needlessly disregard important federal laws, and may even create loopholes for out-of-state corporations that refuse to work with the City or collect hotel taxes," says David Owen, Airbnb's head of policy strategy, referring of course to Homeaway. "We want to work with City officials to fix the

cumbersome and broken registration process," Owen added, "and look forward to discussing real policy solutions."

Expect the political drama around this, however, to continue well past the Supervisors' annual August recess. We'll update you once we know how the discussion at the regular meeting of the Board goes today.