# EXHIBIT C

### City and County of San Francisco, Board of Supervisors

### July 12, 2016 Hearing Transcript

### Transcript Range from 2:26:58 to 2:33:17

| Clerk | Supervisor Campos. |
|---|---|
| Supervisor Campos | Thank you.  Colleagues, I'm introducing some technical amendments today, technical amendments to the short-term rental legislation that I co-authored with Supervisor Peskin.  And I want to thank Supervisor Peskin for his co-sponsorship of these amendments, as well to our other co-sponsors, Supervisor Avalos and Supervisor Mar.  As you know, we at the Board of Supervisors unanimously passed on a 10-0 vote the amendments to the short-term rental ordinance.  The intent of that ordinance has been very straightforward: to require that hosting platforms do business with law-abiding hosts and to ensure that those platforms are not aiding and abetting scofflaws.  What we're proposing today is a modest, common-sense regulation.  It's fair to everyone.  It's fair for law-abiding hosts so that they won't have to compete with cheaters.  And it's fair to San Francisco.  Most residents want to give our short-term rental law a chance to work, but San Franciscans also won't be played for fools by Airbnb or any other short-term platform.  Others persist in trying to keep our law from being enforceable, and we are committed to doing everything we can to make that enforcement happen.  After close consultation with the City Attorney's Office about the legal arguments that were raised by Airbnb in its lawsuit against the City, we have agreed that we can simultaneously address Airbnb's legal objections and fulfill the intent of the original ordinance, and do so with a very few set of modest revisions, which is what we're proposing today.  Before I talk about those revisions, I want to be very clear.  The reaction by Airbnb and other hosting platforms to our amendments today will speak volumes about their true willingness to work with the City and County of San Francisco in good faith so that we actually have good regulations that are enforceable.  How they respond to these amendments will show whether or not they have a real interest in working with us to make this law workable.  At the end of the day, the Board of Supervisors did not pass the ordinance that we all voted for to litigate over the scope of federal law.  The intent of what we passed was to essentially regulate the business activities of these platforms.  My amendment aims to accomplish that very goal by one, making the language more precise; two, making modest changes in recordkeeping requirements in the law; and three, tailoring enforcement to work through administrative subpoenas instead of |

|  | working through publication options.  These are, again, simple fixes to eliminate some of the arguable ambiguities that Airbnb has latched on in its lawsuit.  We believe, the City Attorney's Office, my office, and those of us that worked on this law, that our original legislation was valid, but we also believe that the amendments that we are proposing today will ultimately allow the City and County of San Francisco to more quickly and more effectively reach the same objective.  The fact is that as of today, the current law is unenforceable.  More than 75% of the 7,000-plus Airbnb hosts in the original Chu legislation are out of compliance with the law.  These hosts have not registered with the City and County, and yet we have platforms like Airbnb that continue to do business with these individuals and are making tens of millions of dollars out of that illegal activity.  This, simply put, has exacerbated our worsening housing crisis.  In fact, as was noted in the report by a budget and legislative analyst, Airbnb alone took up more than 2,000 entire units of housing completely off the market, making them unavailable to residents that are struggling to live in the City.  This is a company, in our view, that will not stop at anything to evade our laws, and now we have a challenge.  We have listened to the objections that have been raised by Airbnb in its lawsuit.  We have responded to those objections with technical changes that essentially address those concerns.  In light of that, our hope is that Airbnb will do what it says it supposedly wants to do, which is to work with the City, and therefore, since this new amendment makes the law moot, we ask Airbnb to drop its lawsuit against the City and to work with the City and County of San Francisco.  In so doing, Airbnb can show that it truly wants to be responsible, that it wants to have a positive impact in the City and County of San Francisco.  In so doing, it will send a message not only to San Francisco but to the rest of the country that this is a company and an industry that truly are responsible in how they interact with the rest of the economy.  We also have included in the law that we are amending provisions that will make the registration process easier.  And I know that a number of us, in fact all of us here at the Board, have expressed a commitment to make that process easier.  So I look forward to working with Airbnb.  We look forward to a kind of relationship that is different from the relationship that we've had, and consistent with the comments and representations that Airbnb has made, now that we have addressed their legal concerns, that they drop the lawsuit.  I rest, I submit. |
| Clerk | Thank you, Supervisor Campos.  Madame President, seeing no other names on the roster, that concludes the introduction of new business. |