# EXHIBIT O

**City and County of San Francisco, Land Use and Transportation Committee**

**July 25, 2016 Hearing Transcript**

**Transcript Range from 8:10 to 16:05 and 37:47 to 38:32 (excluding public comment)**

|  | Begin transcription at 8:10 |
|---|---|
| Supervisor Cohen | Alright Mr. Clerk, let's bring up Item No. 2. |
| Clerk | Item No. 2. Ordinance amending the Administrative Code to revise the residential unit conversion ordinance to require hosting platforms to verify that residential units on the City's registry prior to accepting a fee for booking a short-term rental transaction and to provide an affidavit of compliance to the City and retain certain records; authorize the office of short-term rental to issue an administrative subpoena to obtain records; provide for civil, administrative and criminal penalties against hosting platforms for violation of their obligations under the residential unit conversion ordinance. |
| Supervisor Cohen | Alright, thank you. Supervisor Peskin is one of the authors of this item and it looks like Supervisor Peskin has some opening remarks. |
| Supervisor Peskin | Thank you Madame Chair. Supervisor Campos, who is the lead author of this legislation, which is really a series of technical amendments to the short-term rental enforcement legislation that Supervisor Campos authored and I co-authored with Supervisors Avalos and Mar, and which this Board passed last month on a vote of 10 to nothing. Insofar as Supervisor Campos is not here, I just wanted to make some remarks about the ordinance, which is pretty straight forward. It's still to require that hosting platforms do business with law abiding hosts and ensure that they're not aiding and abetting scofflaws who are further deteriorating our housing stock. It's a modest, common-sense regulation. I think it's fair to everyone, it's fair for law abiding hosts so they won't have to compete with cheaters, and it's fair for San Francisco. Most residents want to give our short-term rental law a chance to work, but San Franciscans won't be played for fools forever if short-term rental platforms persist in trying to keep our law unenforceable. After conferring with the City Attorney about Airbnb's legal arguments that they made after they filed litigation on the law that we all passed last month, it is our desire to simultaneously address Airbnb's legal objections while fulfilling the intent of the original ordinance with these few modest revisions that are in front of us today. Let's be clear, the reaction by Airbnb and other hosting platforms to our amendments will speak volumes about their willingness to work reasonably and in good faith for this needed regulation or whether their real motivation is to continue to flaunt our tourist rental laws with impunity. At the end of the day, the board didn't pass this ordinance to litigate over the scope of federal law. Our intent is to make San Francisco's short-term rental law enforceable and fair. These amendments aim to |

-1-

|  | accomplish exactly that by simply making the language more precise, by making modest changes in recordkeeping requirements, and by tailoring enforcement to work through administrative subpoenas rather than a publication option. Carolyn Goossen has done an incredible amount of work on this legislation. I want to thank her and she is here from Supervisor Campos's office, if you have any questions, as is Deputy City Attorney Jon Givner. |
|---|---|
| Supervisor Cohen | Is that it? |
| Supervisor Peskin | That's it. |
| Supervisor Cohen | Alright, then thank you very much. Supervisor Wiener. |
| Supervisor Wiener | Thank you very much. Just a question through the Chair to Supervisor Peskin. In terms of these amendments, I have heard that this will not necessarily apply to all short-term rental companies because of the way it's structured. For example, a company like VRBO that doesn't collect, or doesn't actually, necessarily consummate the transaction. Can you comment on that? Because, this has been reported to me and I want to . . . |
| Supervisor Peskin | So, insofar as that it's at the point of sale, is that that argument that you are making through the chair? Why don't we defer that to Ms. Goossen. |
| Supervisor Cohen | Welcome. |
| Ms. Goossen | Hi, good afternoon. I'm Carolyn Goossen from Supervisor Campos's office, and if Deputy City Attorney Jon Givner wants to add to this, but from what I understand, the way that San Francisco defines a web platform, it is both a platform that facilitates the advertisement of units, but also actually involves, is involved in the business, any kind of business transaction related to it. So, clearly, Craigslist is one company that would not be included in how we define a web platform, but for other companies where there is a business transaction that occurs between the platform, even if it's not exactly in the way that, for example, a company like Airbnb does it, they could also be, that company is relevant under this law if there is a business transaction plus the advertising. |
| Supervisor Cohen | Supervisor Campos, excuse me, Supervisor Peskin has an answer as well. |
| Supervisor Peskin | So if you look at Section 41A.4, line 4, the definition of booking service, I think it actually would apply to all platforms. A booking service is any reservation and/or payment service provided by a person or entity that facilitates a short-term rental transaction between an owner or business entity and a prospective tourist or transient user and for which the person or entity collects a fee in connection with the reservation and payment services provided for the short-term rental transaction. So, as I understand, even these platforms that, in essence, charge for a listing, I think that they would be covered under that definition, but I'll defer that to competent counsel. |
| Deputy City Attorney | Deputy City Attorney Jon Givner. I don't frankly know exactly how |

-2-

| Givner | VRBO operates.  The ordinance, as Supervisor Peskin says, would apply to booking services, which is basically those that collect a fee in connection with reservation or payment service.  I think Ms. Goossen is correct that Craigslist does not collect a fee in connection with a booking or payment service.  I can't say as to VRBO's business model. |
|---|---|
| Supervisor Cohen | Alright, thank you for that clarification.  Supervisor Wiener, did you . . .? |
| Supervisor Wiener | Yeah, no, and I asked the question because I think it's really important in regulating short-term rentals that we're regulating as broadly as possible.  We're not regulating some companies but not other companies because different companies, obviously, have different structures, but they're all facilitating short-term rentals.  So, whatever the challenge is for short-term rentals and for all the reasons, the good reasons that we want to regulate them, it should apply to all short-term rentals.  This measure, the measure that this amended, which I voted for, to try to improve and increase enforcement because we want people to comply with the law, to the extent that the amendments were to contract that and start, basically, exempting out certain companies and focusing on other companies, that would be an issue for me.  I would be interested in perhaps, I think this is a committee report for tomorrow, is that correct?  Yes.  Perhaps by tomorrow, trying to get a better sense for that.  Because I know this came up, I think the thirty-day rule is sort of waived on this.  It's sort of moved quickly, which I understand why, because of the litigation I presume.  So I would like to have a clearer answer to that. |
| Supervisor Peskin | So, maybe we can get Deputy City Attorney Kapla and Supervisor Wiener together. |
| Supervisor Cohen | Alright.  We are going to continue to move forward.  Ms. Goossen, I don't know if you had a presentation that you wanted to . . . nothing prepared?  No.  Okay.  Well, let's go ahead and go to public comment. |
|  | **End transcription at 16:05** |
|  | **Begin transcription at 37:47** |
| Supervisor Cohen | Okay, public comment is closed at this time.  Alright, the matter is back into the hands of this committee.  Colleagues, is there a motion for this item?  Supervisor Peskin, do you have a motion for this item? |
| Supervisor Peskin | I would like to move this item to the full board as a committee report, and given Supervisor Wiener's outstanding question for Deputy City Attorney Kapla, why don't we do that without recommendation so he can get that answered? |
| Supervisor Cohen | Supervisor Wiener. |
| Supervisor Wiener | Thank you.  I was going to recommend that we put it out without a recommendation, so that makes sense to me and then we can get an answer by tomorrow. |

-3-

-4-

| | |
|---|---|
| Supervisor Cohen | Alright, this item comes as a committee report without recommendation to the full board, without objection.  Thank you. |
| | **End transcription at 38:32** |