DENNIS J. HERRERA, State Bar #139669
City Attorney
JAMES M. EMERY, State Bar #153630
ROBB W. KAPLA, State Bar #238896
SARA J. EISENBERG, State Bar #269303
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4602
Telephone: (415) 554-4628
Facsimile: (415) 554-4757
E-Mail: jim.emery @sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRBNB, INC.,<br><br>    Plaintiff,<br><br>HOMEAWAY.COM, INC.,<br><br>    Plaintiff-Intervenor,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Defendant. | Case No. 3:16-cv-03615-JD<br><br>**DECLARATION OF KEVIN GUY IN SUPPORT OF SAN FRANCISCO'S OPPOSITION TO PRELIMINARY INJUNCTION MOTION**<br><br>Hearing Date: October 6, 2016<br>Time: 10:00 a.m.<br>Place: Courtroom 11<br><br>Trial Date: Not set |

I, Kevin Guy, declare:

1. I have personal knowledge of the matters stated herein, and if called and sworn as a witness could and would competently testify thereto.

2. I am the Director of San Francisco's Office of Short-Term Rental Administration and Enforcement ("OSTR"). I was appointed Director of OSTR in September 2015. Before I was appointed Director, I worked for eight years in San Francisco's Planning Department. As Director of OSTR, my duties include supervising the Office in its implementation and enforcement of San Francisco's Short-Term Rental Ordinance.

3. San Francsico enacted Ordinance No. 218-14 in October 2014, and it became effective February 1, 2015. Ordinance No. 218-14 amended Chapter 41A to establish a short-term rental registry, and it allowed permanent residents of San Francisco, after registering with the Planning Department, to offer their primary residences for short-term rentals. By requiring the host to actually occupy his or her primary residence at least 275 days per year, San Francisco limited "unhosted" short-term rentals to 90 days per year. A true and correct copy of Ordinance No. 218-14 is attached hereto as **Exhibit A**.

4. In connection with the Board of Supervisors' consideration of Ordinance No. 218-14, the Planning Department submitted a staff report, dated July 31, 2014. A true and correct copy of the Planning Department's July 31, 2014 staff report is attached hereto as **Exhibit B**.

5. The Board of Supervisors Budget and Legislative Analyst prepare a Policy Analysis Report dated May 13, 2015, and submitted the Report to Supervisor Campos. The May 13, 2015 Report addressed the impact of short-term rentals on housing in San Francisco. A true and correct copy of the Budget Analyst's May 13, 2015 Report is attached hereto as **Exhibit C**.

6. San Francisco subsequently enacted Ordinance No. 130-15 in 2015, further amending Chapter 41A. Among other amendments to Chapter 41A, Ordinance No. 130-15 created OSTR. A true and correct copy of Ordinance No. 130-15 is attached hereto as **Exhibit D**.

7. San Francisco further amended Chapter 41A in 2016. These 2016 amendments, among other provisions, require a Hosting Platform to verify that a short-term rental host is lawfully

registered with San Francisco before the Hosting Platform provides booking services for the host and receives a fee for those booking services.

8. San Francisco's regulation of short-term rentals balances several important public policies. By allowing permanent residents to offer their primary residence for short-term rentals, San Francisco provides an income opportunity for residents. By regulating and limiting short-term rentals, San Francisco at the same time preserves its residential housing stock. Restricting short-term rentals to a host's primary residence eliminates a landlord's incentive to evict a residential tenant, or to hold a vacant unit off the long-term rental market to engage in potentially more lucrative short-term rentals. Also, by enforcing zoning and use restrictions, regulation of short-term rentals preserves the quality of life and the character of residential neighborhoods.

9. Since San Francisco lifted the existing ban on short-term rentals in 2015, it has become clear that effective enforcement of the short-term rental regulations requires regulation of Hosting Platforms in addition to the individual hosts themselves. Information that OSTR is able to obtain from hosts' public postings and from individual hosts is opaque. OSTR is unable reliably to ascertain directly from hosts who advertise on short-term Hosting Platforms the hosts' registration status or the number of days each host has rented his or her unit.

10. Airbnb, for example, used to provide a field for San Francisco hosts to include their OSTR registration numbers in their short-term listing, but Airbnb has eliminated that field in or about February 2016. Airbnb's elimination of the registration number field on host postings in San Francisco has affirmatively frustrated OSTR's enforcement efforts.

11. Several methods are available for a Hosting Platform to verify a host's registration status.

    a. A Hosting Platform could require a San Francisco host to provide his or her OSTR registration number at various points during the host's initial registration with the Platform and/or during the booking process.

    b. OSTR issues a physical registration certificate to registered hosts. A Hosting Platform could require a San Francisco host to upload an image of the host's registration certificate, along with the host's photographs of the rental unit. A true and correct copy of a

Decln of Kevin Guy                     2                     n:\govlit\li2016\161382\01135804.docx
CASE NO. 3:16-cv-03615-JD

sample San Francisco Short-Term Rental registration certificate is attached hereto as **Exhibit E**.

c. OSTR will make dedicated staff time available to any Hosting Platform seeking OSTR assistance to verify a host's short-term rental registration.

d. The Planning Department maintains a public Property Information Map that includes the current registration status of each address in San Francisco. The Property Information Map is available at http://propertymap.sfplanning.org/. After entering an address in the search field, a user can select "Planning Apps" to ascertain whether the property is registered for short-term rentals.

e. OSTR is willing to engage with Hosting Platforms as partners to develop a mechanism, such as an application programming interface (API), to facilitate real-time automated verification of host registration numbers while preserving the integrity of the City's and the Platform's respective private information.

12. OSTR interprets "lawfully registered" in the recent amendments to Chapter 41A to mean that the host has obtained a registration number from OSTR.

13. OSTR interprets "the time the Residential Unit is rented for short term rental" in the recent amendments to Chapter 41A to mean the time the Hosting Platform provides Booking Services, not the time of occupancy.

14. I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on September 19, 2016, at San Francisco, California.

Kevin Guy