DENNIS J. HERRERA, State Bar #139669
City Attorney
JAMES M. EMERY, State Bar #153630
ROBB KAPLA, State Bar #238896
SARA J. EISENBERG, State Bar #269303
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4602
Telephone:     (415) 554-4628
Facsimile:     (415) 554-4757
E-Mail:        jim.emery @sfgov.org
               robb.kapla@sfgov.org
               sara.eisenberg@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRBNB, INC., <br><br> Plaintiff, <br><br> HOMEAWAY.COM, INC., <br><br> Plaintiff-Intervenor, <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, <br><br> Defendant. | Case No. 3:16-cv-03615-JD <br><br> **CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO AIRBNB'S FIRST AMENDED COMPLAINT** <br><br> Trial Date:   Not set |

Defendant the City and County of San Francisco hereby responds to the First Amended Complaint ("Complaint") filed on September 6, 2016 by Airbnb, Inc. as follows:

1. Responding to paragraph 1 of the Complaint, this paragraph states legal conclusions to which no response is required.

2. Responding to paragraph 2 of the Complaint, San Francisco admits that it enacted Ordinance 104-16 on June 24, 2016, that Airbnb commenced this action on June 27, 2016, and that San Francisco subsequently enacted Ordinance 178-16. San Francisco admits that the quotations attributed to Supervisor Campos have, in substance, been reported in the press. The remaining allegations of this paragraph state legal conclusions to which no response is required.

3. Responding to paragraph 3 of the Complaint, this paragraph states legal conclusions to which no response is required.

4. Responding to paragraph 4 of the Complaint, this paragraph states legal conclusions to which no response is required. The cited ordinances speak for themselves.

5. Responding to paragraph 5 of the Complaint, this paragraph states legal conclusions to which no response is required. The cited ordinances speak for themselves.

6. Responding to paragraph 6 of the Complaint, this paragraph states legal conclusions to which no response is required. The cited federal statutes speak for themselves.

7. Responding to paragraph 7 of the Complaint, this paragraph states legal conclusions to which no response is required.

8. Responding to paragraph 8 of the Complaint, this paragraph states legal conclusions to which no response is required.

9. Responding to paragraph 9 of the Complaint, this paragraph states legal conclusions to which no response is required.

10. Responding to paragraph 10 of the Complaint, this paragraph states legal conclusions to which no response is required.

11. Responding to paragraph 11 of the Complaint, And Francisco admits that Airbnb's principal place of business is in San Francisco, and that Airbnb maintains a website where users can list and book both short-term and long-term housing accommodations. San Francisco lacks

information sufficient to admit or deny the remaining allegations in this paragraph, and on that basis denies them.

12. Responding to paragraph 12 of the Complaint, admitted.

13. Responding to paragraph 13 of the Complaint, this paragraph states legal conclusions to which no response is required.

14. Responding to paragraph 14 of the Complaint, this paragraph states legal conclusions to which no response is required.

15. Responding to paragraph 15 of the Complaint, San Francisco admits it resides in this judicial district and that a substantial part of the events giving rise to Airbnb's claims for relief occurred in this judicial district. The remaining allegations of this paragraph state legal conclusions to which no response is required.

16. Responding to paragraph 16 of the Complaint, San Francisco admits that a substantial part of the events giving rise to Airbnb's claims for relief occurred in the City and County of San Francisco. The remaining allegations of this paragraph state legal conclusions to which no response is required.

17. Responding to paragraph 17 of the Complaint, San Francisco admits that Airbnb's website allows hosts to list accommodations available for rental and allows guests to view those listings. San Francisco lacks information sufficient to admit or deny the remaining allegations in this paragraph, and on that basis denies them.

18. Responding to paragraph 18 of the Complaint, San Francisco lacks information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

19. Responding to paragraph 19 of the Complaint, San Francisco lacks information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

20. Responding to paragraph 20 of the Complaint, San Francisco lacks information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

21. Responding to paragraph 21 of the Complaint, San Francisco lacks information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

22. Responding to paragraph 22 of the Complaint, this paragraph states legal conclusions to which no response is required. The cited ordinances speak for themselves.

23. Responding to paragraph 23 of the Complaint, San Francisco lacks information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

24. Responding to paragraph 24 of the Complaint, San Francisco lacks information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

25. Responding to paragraph 25 of the Complaint, San Francisco lacks information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

26. Responding to paragraph 26 of the Complaint, San Francisco lacks information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

27. Responding to paragraph 27 of the Complaint, San Francisco admits that the quotation attributed to SPUR in this paragraph appears in SPUR's white paper.

28. Responding to paragraph 28 of the Complaint, San Francisco admits that it amended Chapter 41A, effective in 2015, authorizing permanent residents of San Francisco to register their primary residence for short-term rentals. The remaining allegations of this paragraph state legal conclusions to which no response is required. The cited ordinances speak for themselves.

29. Responding to paragraph 29 of the Complaint, this paragraph states legal conclusions to which no response is required. The cited ordinance speaks for itself.

30. Responding to paragraph 30 of the Complaint, this paragraph states legal conclusions to which no response is required. The cited ordinances and regulations speak for themselves.

31. Responding to paragraph 31 of the Complaint, this paragraph states legal conclusions to which no response is required. The cited ordinance speaks for itself.

32. Responding to paragraph 32 of the Complaint, San Francisco admits that OSTR's duties include identifying hosts who are out of compliance with existing regulations, conducting investigations of potential violations of the pertinent ordinances, issuing notices of violations, and holding hearings for hosts who have requested a hearing upon receiving a notice of violation. San Francisco further admits that in April 2016, the Policy Analysis Report from the Budget and Legislative Analyst's Office stated: "While OSTR continues to levy fines against hosts found to be

non-compliant, there still remains a sizeable gap between the number of registered hosts and the number of hosts advertising short-term rentals on online platforms. OSTR may be able to further close that gap in coming months as OSTR became fully staffed in December 2015." San Francisco further admits that the Report states: "The increase in registration applications towards the end of 2015 could be explained by a variety of factors including, but not limited to, the following: (1) in late 2015, the Treasurer & Tax Collector sent notifications to short-term residential rental hosts advising that they were in violation of existing regulations and must obtain a business registration certificate; (2) the November 2015 election may have spurred increased compliance as there was the potential of more stringent regulation of short-term rentals, as proposed in Proposition F; 3) new hosts may have been listing in anticipation of the Super Bowl, and (4) the public awareness initiatives undertaken by the Office of Short-Term Rentals and the overall spike in public attention to this issue may have sparked a wave of compliant behavior towards the end of 2015." San Francisco further admits the Report states that OSTR was developing "new strategies to pro-actively identify non-compliant hosts," including analyzing webscrapes, instead of relying exclusively on complaints.

33. Responding to paragraph 33 of the Complaint, this paragraph states legal conclusions to which no response is required. The cited ordinance speaks for itself.

34. Responding to paragraph 34 of the Complaint, this paragraph states legal conclusions to which no response is required. The cited ordinance speaks for itself.

35. Responding to paragraph 35 of the Complaint, San Francisco admits that the quotations attributed to Supervisors Campos and Peskin in this paragraph have been reported in the press.

36. Responding to paragraph 36 of the Complaint, San Francisco admits that counsel for Airbnb has prepared a partial transcript of the meeting of the Government Audit and Oversight Committee of San Francisco's Board of Supervisors indicating that Deputy City Attorney Jon Givner said "we drafted this ordinance in a way that minimizes any issues under the Communications Decency Act."

37. Responding to paragraph 37 of the Complaint, admitted.

38. Responding to paragraph 38 of the Complaint, San Francisco admits that Supervisors Campos, Peskin, Avalos and Mar introduced Ordinance 178-16 on July 12, 2016. San Francisco also

admits that the quotations attributed to Supervisor Campos in this paragraph have, in substance, been reported in the press.

39. Responding to paragraph 39 of the Complaint, this paragraph states legal conclusions to which no response is required. The cited ordinances speak for themselves.

40. Responding to paragraph 40 of the Complaint, this paragraph states legal conclusions to which no response is required.

41. Responding to paragraph 41 of the Complaint, this paragraph states legal conclusions to which no response is required. The cited ordinances speak for themselves.

42. Responding to paragraph 42 of the Complaint, this paragraph states legal conclusions to which no response is required. The cited ordinances speak for themselves.

43. Responding to paragraph 43 of the Complaint, this paragraph states legal conclusions to which no response is required. The cited ordinance speaks for itself.

44. Responding to paragraph 44 of the Complaint, San Francisco admits that partial transcripts of Board of Supervisor meetings prepared by counsel for Airbnb attribute the following quotations to Supervisor Campos:

   a) "After conferring with the City Attorney about Airbnb's legal arguments that they made after they filed litigation on the law that we all passed last month, it is our desire to simultaneously address Airbnb's legal objections while fulfilling the intent of the original ordinance with these few modest revisions that are in front of us today."

   b) "The intent of that ordinance has been very straightforward: to require that hosting platforms do business with law-abiding hosts and to ensure that those platforms are not aiding and abetting scofflaws."

   c) "At this juncture, it is only fair that Airbnb and others help us enforce the law when they themselves actually helped to write that law."

45. Responding to paragraph 45 of the Complaint, denied.

46. Responding to paragraph 46 of the Complaint, San Francisco denies that it can effectively enforce its short-term rental ordinance by enforcing exclusively against hosts. San Francisco admits the April 2016 Policy Analysis Report by the Budget and Legislative Analyst states

that OSTR had assessed $680,00 in penalties against short-term rental hosts, and suggested as a policy option to enhance compliance that the Board of Supervisors could consider "[s]implify[ing] the short-term rental registration process as the existing system might deter otherwise compliant short-term rental hosts." San Francisco admits that a partial transcript of a Board of Supervisor meeting prepared by counsel for Airbnb attributes the following quotation to Supervisor Wiener: "Once Prop F was defeated by the voters, and since then we have seen an acceleration in the number of hosts registering. It has been a steady increase and it has been a significant increase compared to what it was before. When you have this many hosts, it's not going to happen overnight but we are moving in a positive direction." The remaining allegations of this paragraph state legal conclusions to which no response is required.

47. Responding to paragraph 47 of the Complaint, San Francisco lacks information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

48. Responding to paragraph 48 of the Complaint, San Francisco lacks information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

49. Responding to paragraph 49 of the Complaint, denied.

50. Responding to paragraph 50 of the Complaint, denied.

51. Responding to paragraph 51 of the Complaint, denied

52. Responding to paragraph 52 of the Complaint, San Francisco lacks information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

53. Responding to paragraph 53 of the Complaint, San Francisco incorporates its responses to paragraphs 1-52 by reference, as if fully set forth herein.

54. Responding to paragraph 54 of the Complaint, this paragraph states legal conclusions to which no response is required.

55. Responding to paragraph 55 of the Complaint, this paragraph states legal conclusions to which no response is required.

56. Responding to paragraph 56 of the Complaint, this paragraph states legal conclusions to which no response is required.

CCSF's Answer to Airbnb's FAC
Case No. 3:16-cv-03615-JD
6
n:\govlit\li2016\161382\01138362.docx

57. Responding to paragraph 57 of the Complaint, this paragraph states legal conclusions to which no response is required.

58. Responding to paragraph 58 of the Complaint, this paragraph states legal conclusions to which no response is required.

59. Responding to paragraph 59 of the Complaint, this paragraph states legal conclusions to which no response is required.

60. Responding to paragraph 60 of the Complaint, this paragraph states legal conclusions to which no response is required.

61. Responding to paragraph 61 of the Complaint, this paragraph states legal conclusions to which no response is required.

62. Responding to paragraph 62 of the Complaint, this paragraph states legal conclusions to which no response is required.

63. Responding to paragraph 63 of the Complaint, this paragraph states legal conclusions to which no response is required.

64. Responding to paragraph 64 of the Complaint, San Francisco incorporates its responses to paragraphs 1-63 by reference, as if fully set forth herein.

65. Responding to paragraph 65 of the Complaint, this paragraph states legal conclusions to which no response is required.

66. Responding to paragraph 66 of the Complaint, this paragraph states legal conclusions to which no response is required.

67. Responding to paragraph 67 of the Complaint, this paragraph states legal conclusions to which no response is required.

68. Responding to paragraph 68 of the Complaint, this paragraph states legal conclusions to which no response is required.

69. Responding to paragraph 69 of the Complaint, San Francisco incorporates its responses to paragraphs 1-68 by reference, as if fully set forth herein.

70. Responding to paragraph 70 of the Complaint, this paragraph states legal conclusions to which no response is required.

71. Responding to paragraph 71 of the Complaint, this paragraph states legal conclusions to which no response is required.

72. Responding to paragraph 72 of the Complaint, this paragraph states legal conclusions to which no response is required.

73. Responding to paragraph 73 of the Complaint, San Francisco incorporates its responses to paragraphs 1-72 by reference, as if fully set forth herein.

74. Responding to paragraph 74 of the Complaint, this paragraph states legal conclusions to which no response is required.

75. Responding to paragraph 75 of the Complaint, this paragraph states legal conclusions to which no response is required.

76. Responding to paragraph 76 of the Complaint, this paragraph states legal conclusions to which no response is required.

77. Responding to paragraph 77 of the Complaint, San Francisco incorporates its responses to paragraphs 1-76 by reference, as if fully set forth herein.

78. Responding to paragraph 78 of the Complaint, this paragraph states legal conclusions to which no response is required.

79. Responding to paragraph 79 of the Complaint, this paragraph states legal conclusions to which no response is required.

80. Responding to paragraph 80 of the Complaint, this paragraph states legal conclusions to which no response is required.

81. Responding to paragraph 81 of the Complaint, this paragraph states legal conclusions to which no response is required.

82. Responding to paragraph 82 of the Complaint, this paragraph states legal conclusions to which no response is required.

83. Responding to paragraph 83 of the Complaint, this paragraph states legal conclusions to which no response is required.

84. Responding to paragraph 84 of the Complaint, San Francisco incorporates its responses to paragraphs 1-83 by reference, as if fully set forth herein.

85. Responding to paragraph 85 of the Complaint, this paragraph states legal conclusions to which no response is required.

86. Responding to paragraph 86 of the Complaint, this paragraph states legal conclusions to which no response is required.

87. Responding to paragraph 87 of the Complaint, San Francisco denies each and every legal conclusion and factual assertion in Airbnb's prayer for relief, and further denies that Airbnb is entitled to any of the relief sought.

88. Responding to paragraph 88 of the Complaint, San Francisco denies each and every legal conclusion and factual assertion in Airbnb's prayer for relief, and further denies that Airbnb is entitled to any of the relief sought.

89. Responding to paragraph 89 of the Complaint, San Francisco denies each and every legal conclusion and factual assertion in Airbnb's prayer for relief, and further denies that Airbnb is entitled to any of the relief sought.

90. Responding to paragraph 90 of the Complaint, San Francisco denies each and every legal conclusion and factual assertion in Airbnb's prayer for relief, and further denies that Airbnb is entitled to any of the relief sought.

91. Responding to paragraph 91 of the Complaint, San Francisco denies each and every legal conclusion and factual assertion in Airbnb's prayer for relief, and further denies that Airbnb is entitled to any of the relief sought.

92. Responding to paragraph 92 of the Complaint, San Francisco denies each and every legal conclusion and factual assertion in Airbnb's prayer for relief, and further denies that Airbnb is entitled to any of the relief sought.

93. Responding to paragraph 93 of the Complaint, San Francisco denies each and every legal conclusion and factual assertion in Airbnb's prayer for relief, and further denies that Airbnb is entitled to any of the relief sought.

94. Responding to paragraph 94 of the Complaint, San Francisco denies each and every legal conclusion and factual assertion in Airbnb's prayer for relief, and further denies that Airbnb is entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

San Francisco asserts the following affirmative defenses:

1. Airbnb's First Amended Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action under law.

2. Airbnb's Third, Fourth and Fifth Causes of Action are unripe for adjudication.

3. San Francisco presently has insufficient knowledge on which to form a belief as to whether it may have additional, as yet unstated, defenses available. San Francisco reserves the right to assert additional defenses in the event that discovery indicates that it would be appropriate.

Dated: September 23, 2016

>                   DENNIS J. HERRERA
>                   City Attorney
>                   JAMES M. EMERY
>                   ROBB W. KAPLA
>                   SARA J. EISENBERG
>                   Deputy City Attorneys
>
>               By: /s/James M. Emery
>                   JAMES M. EMERY
>
>                   Attorneys for Defendant
>                   CITY AND COUNTY OF SAN FRANCISCO

# **CERTIFICATE OF SERVICE**

I, LAUREN SKELLEN, hereby certify that I electronically filed the following document with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on September 23, 2016.

- **CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO AIRBNB'S FIRST AMENDED COMPLAINT**

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Executed September 23, 2016, at San Francisco, California.


          */s/* LAUREN SKELLEN
          LAUREN SKELLEN

CCSF's Answer to Airbnb's FAC
Case No. 3:16-cv-03615-JD
11
n:\govlit\li2016\161382\01138362.docx