1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JAMES M. EMERY, State Bar #153630
   ROBB W. KAPLA, State Bar #238896
3  SARA J. EISENBERG, State Bar #269303
   Deputy City Attorneys
4  City Hall, Room 234
   1 Dr. Carlton B. Goodlett Place
5  San Francisco, California 94102-4602
   Telephone:    (415) 554-4628
6  Facsimile:    (415) 554-4757
   E-Mail:       jim.emery@sfgov.org

8  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRBNB, INC.,<br><br>　　　　Plaintiff,<br><br>HOMEAWAY.COM, INC.,<br><br>　　　　Plaintiff-Intervenor,<br><br>　　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>　　　　Defendant. | Case No. 3:16-cv-03615-JD<br><br>**CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO HOMEAWAY'S FIRST AMENDED COMPLAINT**<br><br>Trial Date:　　　Not set |

Defendant the City and County of San Francisco hereby responds to the First Amended Complaint ("Complaint") filed on September 6, 2016 by Homeaway.com, Inc. as follows:

1. Responding to paragraph 1 of the Complaint, San Francisco denies that its recently enacted ordinance impermissibly burdens speech on the internet or threatens the privacy of online speakers. The remaining allegations of paragraph 1 state legal conclusions to which no response is required.

2. Responding to paragraph 2 of the Complaint, San Francisco admits the allegations of the first sentence. The remaining allegations of paragraph 2 state legal conclusions to which no response is required. The cited ordinances speak for themselves.

3. Responding to paragraph 3 of the Complaint, San Francisco admits that it amended its ordinance after plaintiffs filed this lawsuit. The remaining allegations of paragraph 3 state legal conclusions to which no response is required. The cited ordinances speak for themselves.

4. Responding to paragraph 4 of the Complaint, San Francisco denies that its Ordinance holds Hosting Platforms responsible for listings provided by third parties. The remaining allegations of paragraph 4 state legal conclusions to which no response is required. Section 230 speaks for itself.

5. Responding to paragraph 5 of the Complaint, this paragraph states legal conclusions to which no response is required.

6. Responding to paragraph 6 of the Complaint, this paragraph states legal conclusions to which no response is required.

7. Responding to paragraph 7 of the Complaint, San Francisco denies that its Ordinance fails adequately to inform websites of their obligations or what speech or other conduct is proscribed. The remaining allegations of paragraph 7 state legal conclusions to which no response is required.

8. Responding to paragraph 8 of the Complaint, San Francisco denies that its Ordinance requires a Hosting Platform to disclose customer information without a subpoena or other legal process. The remaining allegations of paragraph 8 state legal conclusions to which no response is required.

9. Responding to paragraph 9 of the Complaint, San Francisco admits that its Ordinance imposes regulations that do not apply in other jurisdictions. The remaining allegations of paragraph 9 state legal conclusions to which no response is required.

10. Responding to paragraph 10 of the Complaint, San Francisco denies that its Ordinance requires HomeAway to review all third-party listings or to block most or all listings. The remaining allegations of paragraph 10 state legal conclusions to which no response is required.

11. Responding to paragraph 11 of the Complaint, San Francisco lacks information sufficient to admit or deny these allegations, and on that basis denies them.

12. Responding to paragraph 12 of the Complaint, admitted.

13. Responding to paragraph 13 of the Complaint, this paragraph states legal conclusions to which no response is required.

14. Responding to paragraph 14 of the Complaint, this paragraph states legal conclusions to which no response is required.

15. Responding to paragraph 15 of the Complaint, this paragraph states legal conclusions to which no response is required.

16. Responding to paragraph 16 of the Complaint, San Francisco admits that a substantial part of the events giving rise to HomeAway's claims occurred in San Francisco. The remaining allegations of paragraph 16 state legal conclusions to which no response is required.

17. Responding to paragraph 17 of the Complaint, San Francisco admits that HomeAway operates a website that allows owners to list their properties for short-term rental and allows travelers to search for and find available properties that meet their criteria. San Francisco lacks information sufficient to admit or deny the remaining allegations of this paragraph, and on that basis denies them.

18. Responding to paragraph 18 of the Complaint, San Francisco lacks information sufficient to admit or deny these allegations, and on that basis denies them.

19. Responding to paragraph 19 of the Complaint, San Francisco lacks information sufficient to admit or deny these allegations, and on that basis denies them.

20. Responding to paragraph 20 of the Complaint, San Francisco lacks information sufficient to admit or deny these allegations, and on that basis denies them.

21. Responding to paragraph 21 of the Complaint, San Francisco lacks information sufficient to admit or deny these allegations, and on that basis denies them.

22. Responding to paragraph 22 of the Complaint, San Francisco lacks information sufficient to admit or deny these allegations, and on that basis denies them.

23. Responding to paragraph 23 of the Complaint, San Francisco lacks information sufficient to admit or deny these allegations, and on that basis denies them.

24. Responding to paragraph 24 of the Complaint, this paragraph states legal conclusions to which no response is required. The cited ordinances speak for themselves.

25. Responding to paragraph 25 of the Complaint, this paragraph states legal conclusions to which no response is required. The cited ordinances speak for themselves.

26. Responding to paragraph 26 of the Complaint, San Francisco admits that the Planning Department reported 455 registration applications as of April 3, 2015. San Francisco admits the remaining allegations of this paragraph.

27. Responding to paragraph 27 of the Complaint, this paragraph states legal conclusions to which no response is required. The cited ordinances and legislative proposals speak for themselves.

28. Responding to paragraph 28 of the Complaint, admitted.

29. Responding to paragraph 29 of the Complaint, this paragraph states legal conclusions to which no response is required. The applicable ordinances and regulations speak for themselves.

30. Responding to paragraph 30 of the Complaint, lacks information sufficient to admit or deny the allegations as to Share Better's motivation in advocating Proposition F, and on that basis denies them. San Francisco admits that Proposition F appeared on the November 2015 ballot and was defeated. The remaining allegations in this paragraph state legal conclusions to which no response is required. The proposed Proposition F speaks for itself.

31. Responding to paragraph 31 of the Complaint, San Francisco denies that the April 7, 2016 Policy Analysis Report from the Budget and Legislative Analyst's Office estimated that 1647 registration applications represented 31 percent of owners. San Francisco admits the remaining allegations of this paragraph.

32. Responding to paragraph 32 of the Complaint, San Francisco admits that in June 2016, the Board of Supervisors passed Ordinance No. 104-16. The remaining allegations in this paragraph state legal conclusions to which no response is required. Ordinance No. 104-16 speaks for itself.

33. Responding to paragraph 33 of the Complaint, San Francisco admits that the quotation attributed to Supervisor Campos in this paragraph appears on his twitter feed, and the quotation attributed to Supervisor Peskin in this paragraph has been reported in the press.

34. Responding to paragraph 34 of the Complaint, San Francisco admits Airbnb commenced this action on June 27, 2016, that HomeAway filed its complaint in intervention on July 12, 2016, that Ordinance 178-16 was introduced on July 12, 2016 by Supervisors Campos, Peskin, Avalos and Mar, and that the Board of Supervisors passed Ordinance 178-16 on August 2, 2016. San Francisco also admits that the quotations attributed to Supervisor Campos in this paragraph have, in substance, been reported in the press.

35. Responding to paragraph 35 of the Complaint, this paragraph states legal conclusions to which no response is required. The cited provisions speak for themselves.

36. Responding to paragraph 36 of the Complaint, this paragraph states legal conclusions to which no response is required. The cited provisions speak for themselves.

37. Responding to paragraph 37 of the Complaint, this paragraph states legal conclusions to which no response is required. The cited provisions speak for themselves.

38. Responding to paragraph 38 of the Complaint, this paragraph states legal conclusions to which no response is required. The cited provisions speak for themselves.

39. Responding to paragraph 39 of the Complaint, denied.

40. Responding to paragraph 40 of the Complaint, San Francisco admits that OSTR received an annual budget appropriation of $880,106 for FY 2015-16. San Francisco further admits that OSTR staff includes three full-time Planners who have a familiarity with the City's neighborhoods and structures and three other full-time positions: a Management Assistant, a Senior Administrative Analyst, and a Director. Staff duties include (a) processing registration applications, (b) completing analyses to identify hosts who are out of compliance with existing regulations, (c) conducting investigations of potential violations of the pertinent ordinances, (d) issuing notices of

1  violations, and (e) holding hearings for hosts who have requested a hearing upon receiving a notice of
2  violation.

3   41.   Responding to paragraph 41 of the Complaint, San Francisco admits that the Policy Analysis Report states that the two-step process, which requires hosts to obtain a business registration certificate and then a short-term rental registration, "might deter or confuse otherwise compliant short-term rental hosts," and suggests that a completely online registration process, "assuming sufficient mechanisms could be established to verify the identity of hosts, as well as home ownership and residency status, . . . would remove what could be one of the most significant barriers to compliance and equip the Office of Short-Term Rentals with more staff time for analysis and identifying violation cases." The remaining allegations in this paragraph state legal conclusions to which no response is required. The cited provision speaks for itself.

42.   Responding to paragraph 42 of the Complaint, San Francisco admits that the Ordinance was schedule to take effect September 10, 2016, and that San Francisco has agreed to stay enforcement pending this Court's resolution of the pending preliminary injunction motion, set for hearing October 6, 2016.

43.   Responding to paragraph 43 of the Complaint, San Francisco denies the Ordinance is vague. The allegations in this paragraph state legal conclusions to which no response is required.

44.   Responding to paragraph 44 of the Complaint, denied.

45.   Responding to paragraph 45 of the Complaint, denied.

46.   Responding to paragraph 46 of the Complaint, San Francisco incorporates its responses to paragraphs 1-45 by reference, as if fully set forth herein.

47.   Responding to paragraph 47 of the Complaint, this paragraph states legal conclusions to which no response is required.

48.   Responding to paragraph 48 of the Complaint, this paragraph states legal conclusions to which no response is required.

49.   Responding to paragraph 49 of the Complaint, this paragraph states legal conclusions to which no response is required.

50. Responding to paragraph 50 of the Complaint, this paragraph states legal conclusions to which no response is required.

51. Responding to paragraph 51 of the Complaint, San Francisco incorporates its responses to paragraphs 1-50 by reference, as if fully set forth herein.

52. Responding to paragraph 52 of the Complaint, this paragraph states legal conclusions to which no response is required.

53. Responding to paragraph 53 of the Complaint, this paragraph states legal conclusions to which no response is required.

54. Responding to paragraph 54 of the Complaint, this paragraph states legal conclusions to which no response is required.

55. Responding to paragraph 55 of the Complaint, San Francisco incorporates its responses to paragraphs 1-54 by reference, as if fully set forth herein.

56. Responding to paragraph 56 of the Complaint, this paragraph states legal conclusions to which no response is required.

57. Responding to paragraph 57 of the Complaint, this paragraph states legal conclusions to which no response is required.

58. Responding to paragraph 58 of the Complaint, this paragraph states legal conclusions to which no response is required.

59. Responding to paragraph 59 of the Complaint, San Francisco incorporates its responses to paragraphs 1-58 by reference, as if fully set forth herein.

60. Responding to paragraph 60 of the Complaint, this paragraph states legal conclusions to which no response is required.

61. Responding to paragraph 61 of the Complaint, San Francisco incorporates its responses to paragraphs 1-60 by reference, as if fully set forth herein.

62. Responding to paragraph 62 of the Complaint, this paragraph states legal conclusions to which no response is required.

63. Responding to paragraph 63 of the Complaint, this paragraph states legal conclusions to which no response is required.

## ANSWER TO PRAYER FOR RELIEF

San Francisco denies each and every legal conclusion and factual assertion in HomeAway's prayer for relief, and further denies that HomeAway is entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

San Francisco asserts the following affirmative defenses:

1. HomeAway's First Amended Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action under law.

2. HomeAway's assertions of vagueness and its Third Cause of Action are unripe for adjudication.

3. San Francisco presently has insufficient knowledge on which to form a belief as to whether it may have additional, as yet unstated, defenses available. San Francisco reserves the right to assert additional defenses in the event that discovery indicates that it would be appropriate.

Dated: September 23, 2016

        DENNIS J. HERRERA
        City Attorney
        JAMES M. EMERY
        ROBB W. KAPLA
        SARA J. EISENBERG
        Deputy City Attorneys

By: /s/James M. Emery
    JAMES M. EMERY

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

# **CERTIFICATE OF SERVICE**

I, LAUREN SKELLEN, hereby certify that I electronically filed the following document with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on September 23, 2016.

- **CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO HOMEAWAY'S FIRST AMENDED COMPLAINT**

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Executed September 23, 2016, at San Francisco, California.

                    */s/* LAUREN SKELLEN
                    LAUREN SKELLEN