UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRBNB, INC.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>　　　　　Defendant. | Case No. 3:16-cv-03615-JD<br><br>**TEMPORARY RESTRAINING ORDER RE ENFORCEMENT**<br><br>Re: Dkt. No. 50 |

　　　　On November 8, 2016, the Court entered an order denying plaintiffs' motion for a preliminary injunction on the online immunity and First Amendment grounds they advanced, but deferring a ruling on plaintiffs' challenges relating to fair enforcement of the Ordinance. Dkt. No. 74 at 17-18. San Francisco acknowledges that an effective registration verification procedure is not up and running. *Id.* at 17. Pending further evidence and argument, the Court has left open the question whether to enjoin enforcement of the Ordinance until San Francisco has put into place a feasible and efficient means of complying with it. *Id.* at 18.

　　　　In the proceedings leading up to the injunction hearing, San Francisco agreed to stay enforcement of the Ordinance through the Court's resolution of the motion. Dkt. No. 44. At the hearing itself, in response to the Court's questions about fair enforcement, counsel for San Francisco reaffirmed the commitment to keep the stay in place and pledged that "[w]e're going to develop an enforcement plan. We're not going to jump in before there's an enforcement plan." Dkt. No. 72 at 48:6-8. San Francisco also filed a declaration by the Director of the Office of Short-Term Rental Administration and Enforcement stating that he would "engage with Hosting Platforms as partners to develop a mechanism, such as an [API], to facilitate real-time automated verification," among other efforts to create a usable verification system. Dkt. No. 60 ¶ 11. Based

on these and other representations by San Francisco, the Court anticipated that San Francisco would abide by the stay pending resolution of the enforcement portion of the injunction motion. Dkt. No. 74 at 18.

But San Francisco has now given indications that it will not continue to stay enforcement. *See, e.g.*, Dkt. No. 80 at 2. This apparent retrenchment concerns the Court because it threatens the imposition of criminal penalties on plaintiffs, and other Hosting Platforms, in the face of serious questions about the fair enforcement of the Ordinance, and will undermine the Court's consideration of the additional briefing and evidence called for in the injunction order. In addition, at the November 17, 2016, status conference, the Court ordered the parties to a settlement conference before a magistrate judge to discuss ways of resolving the enforcement problems. Dkt. No. 82. Allowing San Francisco to unilaterally drop the stay and proceed with enforcement actions at this time would unreasonably disrupt the playing field for the final resolution of the injunction motion.

Consequently, to avert a threat of irreparable harm to plaintiffs, and to preserve the status quo while the further proceedings on enforcement take place, the Court enters a temporary restraining order enjoining enforcement of Section 41A.5 of the Ordinance through December 1, 2016. The parties are advised that, depending on developments, the TRO may be extended, or other injunctive relief ordered, at that time.

## DISCUSSION

The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A TRO may issue when there are serious questions going to the merits, a likelihood of irreparable harm, the balance of hardships tips sharply in favor of the party raising the questions, and a TRO would be in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). The entry of a TRO is particularly appropriate "to preserve the status quo where difficult legal questions require more deliberate investigation." *Lewis v. U.S. Bank Nat'l Ass'n*, No. 16-cv-05490-JSW, 2016 WL 5662030, at *2 (N.D. Cal. Sept. 28, 2016) (internal quotation omitted).

These standards amply warrant a TRO here. Plaintiffs have raised serious questions of due process and other concerns about the enforcement of the Ordinance, and the criminal penalties it entails, without a viable means of compliance. *See* Dkt. No. 74 at 17-18; Dkt. No. 50 at 26-28; Dkt. No. 64 at 13-15. To be clear, the Court has determined that plaintiffs' First Amendment and CDA claims did not show a likelihood of success on the merits or raise serious questions requiring more litigation. Dkt. No. 74 at 17. This TRO goes only to the serious questions relating to fair enforcement.

Plaintiffs face a likelihood of irreparable harm by being exposed to criminal penalties. The balance of hardships tips sharply in their favor for that reason and because San Francisco will not face any significant burden from a short continuation of a stay that it has previously agreed to voluntarily. And the strong public interest in enforcing criminal laws in a fair and rational manner weighs in favor of a TRO.

## CONCLUSION

Consequently, San Francisco is enjoined from enforcing Section 41A.5 of the Ordinance through and including **December 1, 2016**. The parties will file a joint report by **12:00 p.m. on November 30, 2016**, advising the Court of the status of the enforcement issue.

**IT IS SO ORDERED.**

Dated: November 18, 2016

JAMES DONATO
United States District Judge